# KILDROY P. ALDRICH *et al*

*v.*

# JAMES M. THURSTON.

1. HOMESTEAD—*embraces the whole lot of ground on which the dwelling house is, if it does not exceed the limited value.* The homestead occupant may claim as his homestead the whole lot of ground upon which his dwelling house is situated, if it does not exceed the limited value, although his other improvements may be in part or in whole upon another lot of ground.

2. A quarter quarter section is a legal subdivision of land, and, as such, is marked as a lot of ground.

3. SAME—*release of, in one lot of ground, no bar to claim of in another.* The widow of one who died seized of a quarter section of land, on one quarter of which was his dwelling house, is not estopped from claiming homestead in the lot on which the dwelling house is situated, by executing a release of homestead and dower in the balance of the land. The operation of the deed of release is confined to the land described therein.

WRIT OF ERROR to the Circuit Court of Madison county; the Hon. JOSEPH GILLESPIE, Judge, presiding.

Mr. DAVID GILLESPIE, for the plaintiffs in error.

Messrs. DALE & BURNETT, for the defendant in error.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

This was an action of ejectment, for the recovery of the possession of the south-west quarter of the south-east quarter of a certain section of land.

The plaintiffs' claim of title is by a purchase of the premises by their ancestor, at an administrator's sale of the whole quarter section, made November 30, 1861, for the purpose of paying the debts of Alfred W. Hinch, deceased, who died seized in fee of the quarter section.

The defendant married the widow of said Hinch, and his ground of defense is a homestead right in the premises, in her.

It appears, from the testimony, that the dwelling house in which Alfred Hinch resided at the time of his death, was situated on the premises in controversy, the south-west quarter of the quarter section, and stood about four rods south of the line dividing the south-west quarter from the north-west quarter of the quarter section; that there were only about five acres on the forty in dispute fenced and under cultivation; that the house lot was mainly on the north-west forty—that forty being mostly under cultivation; that the barn stood thereon; that it was supposed by some that the dwelling house was on the north eighty of the quarter section, and there was evidence of Hinch's declarations to that effect.

In view of this evidence, it is insisted that the homestead claim, if still subsisting, will only include the house and that portion of the south-west forty which was under cultivation at the time of the death of Hinch, about five acres, and that plaintiffs should have had judgment for the unoccupied portion of the forty at least. The homestead exemption, as given by the statute, is: "the lot of ground and the buildings thereon occupied as a residence, and owned by the debtor."

A quarter quarter section is a legal subdivision of land, and, as such, is marked as a lot of ground. We see nothing in the language giving the homestead right to prevent the homestead occupant from claiming as his homestead the whole lot of ground upon which his dwelling house is situated, if it do not exceed the limited value, although his other improvements may be, in part or in whole, upon another lot of ground. The dwelling house is the main object.

There is nothing in the language of the homestead act to countenance the restriction of the homestead right to that portion of the lot of ground upon which the house stands, which is in cultivation, or may be occupied in connection with the dwelling house.

One George Widicus purchased at the administrator's sale the other three-quarters of said quarter section; and the plaintiffs, on the trial below, introduced in evidence a deed

from the defendant and his wife to said Widicus, dated March 3, 1864, purporting to release and quit claim to him, for the expressed consideration of $1000, all the dower right, all the homestead right, and all other right of the grantors in and to the lands which had been purchased by Widicus. It is insisted that, by reason of this deed, defendant is precluded from setting up this defense of a homestead right in this case; that at the time of making the deed, the widow of Hinch selected the tracts bought by Widicus as those in which she claimed a homestead, and that she thus made her election, and can not now claim the remaining forty acres for her homestead.

We can not perceive any valid ground for such claim. The operation of the deed must be confined to the lands mentioned in it. We know not on what principle it can be held to be a release or waiver of the homestead exemption in any other tract of land. We can not view it as an implied binding admission that the homestead right existed only in the lands released by the deed, or as an estoppel to bar the setting up a homestead right in any other tract of land.

These being the only objections taken to the validity of the homestead claim which is set up, and they being found to be untenable, the judgment must be affirmed.

*Judgment affirmed.*