HENRY H. DARBY

v.

WILLIAM H. DIXON.

| 4 | 187 |
|---|---|
| 97 | ³337 |

1.  HOMESTEAD—MAY BE IN TWO CONTIGUOUS LOTS.—The provisions of the law of 1873 exempts from execution a homestead of $1,000 in value, in the farm and buildings thereon; and where the residence of the debtor is upon one lot of land and the other farm buildings on another lot contiguous thereto, the debtor is entitled to a homestead in that portion of his farm whereon his buildings are situated, without any reference to quarter section lines.

2.  WHAT LAW GOVERNS IN EXEMPTION OF HOMESTEAD.—The statute of exemptions in force at the time of rendering judgment governs the rights of the parties as to the exemption to be allowed.

3.  PRACTICE—OBJECTION MUST BE MADE IN COURT BELOW.—An objection that the complainant has a complete remedy at law, cannot be made for the first time in the court to which appeal is taken.

4.  EQUITY JURISDICTION.—In this case the complainant had no knowledge of the proceedings until after levy of execution and sale thereunder. The object of the bill filed by him being to remove a cloud upon his title occasioned by the sale, a court of equity had undoubted jurisdiction.

ERROR to the Circuit Court of Peoria county; the Hon. J. W. COCHRAN, Judge, presiding.     Opinion filed July 16, 1879.

Messrs. HOPKINS & MORRON and Messrs. COOPER & TENNERY, for plaintiff in error; that after a judgment has been rendered and the term has passed, the court has no jurisdiction to make a substantial alteration therein at a subsequent term, cited Morgan v. Hays, Breese 126; Cook v. Wood, 24 Ill, 295; Cox v. Brackett, 41 Ill. 222; McKindley v. Buck, 43 Ill. 488; Windett v. Hamilton, 52 Ill. 180; Knox v. Winsted Savings Bank 57 Ill. 330; T. P. & W. R'y Co. v. Eastburn, 79 Ill. 140; Robinson v. Brown, 82 Ill. 279.

A homestead may be claimed in two several tracts of land : Pardee v. Lindley, 31 Ill. 186; Walters v. The People, 18 Ill. 199; Thornton v. Boyden, 31 Ill. 200; Reinbach v. Walter, 27 Ill. 393; Newman v. Willetts, 78 Ill. 397.

Exemption laws should be liberally construed: Deere v. Chapman, 25 Ill. 610.

Though the sale under the trust deed may have been made in the absence of the trustee, it was subsequently ratified by him, and is valid: Nixon v. Cobleigh, 52 Ill. 387.

A court of equity has jurisdiction in such cases: Rev. Stat. 1874, 204; Christie v. Hale, 46 Ill. 117; Bennett v. McFadden, 61 Ill. 334; Green v. Marks, 25 Ill. 221.

Messrs. CRATTY BROS. & ULRICH, for defendant in error: that the, bill should have prayed to have set aside only so much as the court should find to be a homestead, cited Loomis v. Gerson, 62 Ill. 11.

There was a complete remedy at law: Hay v. Baugh, 77 Ill. 500.

The decree not being final, it could be changed at a subsequent term: Morgan v. Sherwood, 53 Ill. 171; Perkins v. Forniquet, 6 How. 206; Forniquet v. Perkins, 16 How. 82; Nat. Ins. Co. v. Chamber of Commerce, 69 Ill. 22.

The Statute exempts only the tract occupied as a homestead and for this purpose the court will take judicial notice of the lines of governmental surveys : Aldrich v. Thurston, 71 Ill. 324; Hay v. Baugh, 77 Ill. 500; Reinbach v. Walter, 27 Ill. 393; Tourville v. Pierson, 39 Ill. 446; Hill v. Bacon, 43 Ill. 477; Hubbell v. Canady, 58 Ill. 425; Gardner v. Eberhart, 82 Ill. 316; Kerr v. South Park Com's, 11 Chicago Legal News, 17; Linton v. Quimby, 57 Ill. 271.

PILLSBURY, P. J. On the 17th day of October, A. D. 1873, the plaintiff in error, was the owner of the southeast quarter of the southwest quarter and fifteen acres off the west end of the south half of the southeast quarter of section twenty-eight, in township ten, north range five, east, in Peoria county, containing fifty-five acres, and was living thereon with his family. These premises were subject to certain trust deeds before that time executed by him and wife, with waiver of homestead. On the date above named, the defendant in error recovered a judgment in the Peoria Circuit Court against plaintiff in error for $864.43 and costs, and in November following, caused execution to issue, which was returned unsatisfied. In October

Darby v. Dixon.

1877, a sale was had under the trust deed upon the forty acre tract and all of the forty sold except one-half acre in the southeast corner upon which was situated the dwelling house of plaintiff in error, and three acres was likewise sold off the east side of the fifteen-acre tract under the trust deed thereon.

All the barns, sheds, yards, etc., of plaintiff in error were situated upon the fifteen-acre tract and adjoining his residence. The half acre, together with the residence and other improvements thereon, were worth far less than $1,000 at the time of the levy of the execution hereafter stated, upon the fifteen-acre tract.

On the 25th day of May 1877, the defendant in error caused execution to issue upon his judgment and placed in the hands of the sheriff, who, without notifying plaintiff in error, levied the same upon the fifteen-acre tract, also upon the S. W. N. W. 6, T. 9, R. 6, and N. E. N. W. 33, T. 10, R. 5, and sold all of said tracts to the defendant in error on the 25th day of June following the levy.

Plaintiff in error, having no notice of the levy and sale until long after the same occurred, on the 22d day of November, 1877, exhibited his bill in equity in the Peoria Circuit Court, setting forth the above facts, and that he was entitled to a homestead in that portion of the fifteen-acre tract left him after the sale under the trust deed, being about twelve acres, and asking that the sale under the execution might be set aside, the certificate of sale canceled, and that in the meantime the defendant Dixon be enjoined from transferring such certificate.

Dixon answered the bill, and the cause was heard at the May term, 1878, of said court, when a decree was rendered, finding that the plaintiff in error was entitled to a homestead in both of said tracts of land, to the extent of $1,000, and appointing commissioners to set off the same to him and report their doings to the court.

At the October term, the commissioners reported that both tracts did not exceed in value $1,000, and that they had set off the whole to the plaintiff in error, as his homestead.

The defendant in error filed exceptions to the report, and

moved the court to modify the decree of the May term; and upon hearing, the court sustained the exceptions, and so modified the decree as to confine the plaintiff in error in his claim to homestead to the one-half acre upon which his house was located, and decreed that the other tract had been properly sold. From this decree plaintiff in error prosecutes this writ of error.

It is insisted by defendant in error that the plaintiff in error was limited in his claim of homestead to the southeast quarter of the southwest quarter of section twenty-eight, upon which his residence was located; that this was a legal subdivision of land, of which the court will take judicial notice, and as Darby was in possession of that tract at time of levy and sale, he cannot be allowed to assert any homestead right in the fifteen-acre tract, as that was upon another and different tract or "lot of ground," and reference is made to Aldrich v. Thurston, 71 Ill. 324; Hay v. Baugh, 77 Ill. 500, and Gardner v. Eberhart, 82 Ill. 316, as sustaining this view.

The statute of 1851, under which these decisions were made, confined the exemption to the "lot of ground and buildings thereon, occupied as a residence and owned by the debtor," and when the "lot of ground" upon which the debtor resided, exceeded in value $1,000, and contained the buildings, these cases limited the claim of homestead to such lot.

The supreme court say in Gardner v. Eberhart, *supra*, that "The exemption in favor of the debtor is never violated so long as there is left intact a 'lot of ground' with the buildings thereon, occupied as a residence and owned by the debtor to the value of $1,000."

We have been referred to no case, even under that statute, which deprives the debtor of his farm buildings, situated upon a lot different from that of his residence, and the occupancy of which was essential to the proper enjoyment of his homestead, in cases where it became necessary to have set off portions of two different forties, in order that he might retain such buildings, and it is believed no such case can be found. In the case at bar, the plaintiff in error was occupying the whole fifty-five acres, as a farm, at the time of the rendition of

Darby v. Dixon.

judgment, the levy and sale, his residence being upon one tract and all his farm buildings upon the other.

At the time Dixon obtained his judgment, the present statute providing for the exemption of homestead from forced sale was in force—Sess. Laws of 1873, page 99—and the rights of the parties are to be determined by its provisions rather than by that of 1851.

By the first section of this act of 1873, every "Householder, having a family, shall be entitled to an estate of homestead to the extent in value of $1,000 in the farm or lot of land, and buildings thereon owned or rightly possessed by lease or otherwise, and occupied by him or her as a residence, etc."

Now, as a farm may consist of several lots of ground, Gardner v. Eberhart, *supra*, it appears very evident that the legislature did not intend that the debtor should be confined in asserting his homestead right to any one "lot of ground" composing the debtor's farm, if it became necessary for him, in order to obtain a homestead of $1,000 in value which should also include his buildings, to claim and have set off to him contiguous portions of two of such lots.

In our opinion the debtor, if he be, as in this case, the owner of a farm, has an estate of homestead in his farm, and is entitled to that portion of his farm whereon his buildings are situated, as a homestead to the extent in value of $1,000, without any reference to quarter section lines.

It therefore follows that Dixon should have proceeded under his execution, according to the provisions of the statute, and set off to plaintiff in error his homestead in his farm to the extent of $1,000 in value, when he could have levied upon the remainder of the fifty-five acres, and sold it, had he so desired. As he did not do so, his levy was illegal, and the certificate of sale a cloud upon the title of plaintiff in error to his homestead.

It is insisted that plaintiff in error had an adequate remedy at law, and he cannot, therefore, maintain this bill. The levy and sale were made without the knowledge of plaintiff in error, and the object of this bill being to remove a cloud from

title, which is an acknowledged head of equity jurisdiction, and this objection, not being taken in the court below, cannot avail here. If defendant in error desired to rely upon this point, he should have abided by his demurrer to the bill, and not answered over to the merits.

The decree of the court below will be reversed, and cause remanded for further proceedings.          Decree reversed.