JOHN RABER, use, etc.

*v.*

FREDERICK GUND.

*Filed at Ottawa June 13, 1884—Rehearing denied September Term, 1884.*

1. HOMESTEAD—*as to the measure of its extent, as to the lot or tract. of land.* Where a debtor's dwelling house, garden, orchard, and all the homestead improvements, are upon a forty-acre tract of a farm consisting of six hundred and forty acres, and such forty-acre tract exceeds in value $1000, the homestead exemption or estate will be confined to such forty-acre tract, and any of the remaining portion of the farm may be sold on execution against the debtor, free from any claim of homestead.

2. If several tracts of land constituting a single, entire farm, occupied as a homestead, do not exceed in value $1000, the estate of homestead will include the farm; but if one lot of land occupied as a homestead exceeds in value $1000, the estate of homestead must be limited by the boundaries of that lot, although it may have been used as a part of a larger farm.

3. Where the lot of land in which there is an estate of homestead, exceeds in value $1000, the excess is subject to the lien of a judgment against the owner, or of a mortgage.

4. SAME—*as to the character of interest in which the right may exist.* The owner of land can not have two distinct estates of homestead in the same property. Thus, if he mortgage his land, releasing the homestead right, he has no estate of homestead in the equity of redemption. Nor is this rule affected by the act of 1872, giving an *estate* of homestead as contradistinguished from a mere exemption given by the former statute.

5. JUDICIAL SALE—*application of surplus money arising therefrom.* A, being the owner of a farm of six hundred and forty acres, gave a deed of trust on two forty-acre tracts of the same to B, in which the homestead was properly released. It appeared that the homestead, buildings and improvements were all on the north forty-acre tract, and that it was worth more than $1000. Subsequently, D obtained judgments against A, under which the south forty-acre tract in the deed of trust was levied upon and sold to C, still leaving a balance due on D's executions. The trustee afterward sold the entire eighty-acre tract to satisfy the indebtedness secured, selling the north forty acres first, which not bringing enough, the south forty was sold, D becoming the purchaser of both forties. The sale realized $408 more than enough to satisfy the trust deed: *Held,* that D, and not A, was entitled to such overplus left in the hands of the trustee.

APPEAL from the Appellate Court for the Second District; —heard in that court on appeal from the Circuit Court of Stephenson county; the Hon. JOSEPH M. BAILEY, Judge, presiding.

Mr. U. D. MEACHAM, for the appellant:

The Homestead act of 1872 gave Raber, in the equity of redemption in the eighty-acre tract, an estate of homestead to the extent in value of $1000, measured by value, and not by the number of acres. Rev. Stat. 1874; *Eldridge* v. *Pierce,* 90 Ill. 481; *Browning* v. *Harris,* 99 id. 459; *Hartman* v. *Schultz,* 101 id. 440.

As against executions, a householder in possession with his family is entitled to a homestead of $1000 in land mortgaged by him. *Green* v. *Marks,* 25 Ill. 221; *Hartwell* v. *McDonald,* 69 id. 293; *Asher* v. *Mitchell,* 92 id. 488; *People* v. *Still,* 7 Bradw. 298; *Shackleford* v. *Todhunter,* 4 id. 271.

If the value of the north half was $1600, and of the south half $1420, then, in that relative proportion, the two tracts should have borne the debt secured by the trust deed. *Funk*

v. *McReynolds,* 33 Ill. 495; *Finlay* v. *Thayer,* 42 id. 353; *Vanscoyoc* v. *Kemler,* 77 id. 153; *Erlinger* v. *Boul,* 7 Bradw. 45; *Tice* v. *Annin,* 2 Johns. Ch. 127; *Heyer* v. *Pruyn,* 7 Paige's Ch. 469; *McKinstry* v. *Curtis,* 10 Paige, 503; *Weaver* v. *Toogood,* 1 Barb. 240; *Mathews* v. *Aiken,* 1 Comst. 595; *Gilbert* v. *Averill,* 15 Barb. 23; *Junel* v. *Jumel,* 7 Paige, 591; *Vanderkemf* v. *Shelton,* 11 id. 28.

Up to the time the trustee sold the eighty acres, appellee owned the equity of redemption in the south half. This gave him the right to redeem from the trust deed, and hold it against the entire eighty acres for his indemnity. He could not redeem from the trust deed on the south half and not on the north half also. The trustee had the legal right to insist that if appellee redeemed, he should redeem from the entire trust deed on the eighty acres. 1 Hilliard on Mortgages, p. 397, sec. 27; 4 Kent's Com. (5th ed.) 162.

Raber was under no legal or moral obligation to redeem the south half for appellee, and let him have the land, worth at least $1600, as shown by his own witnesses, when he only purchased and paid $720 for Raber's equity of redemption. *Finlay* v. *Thayer,* 42 Ill. 353; *Vanscoyoc* v. *Kemler,* 77 id. 153; *Briscoe* v. *Power,* 47 id. 448; *McKinstry* v. *Curtis,* 10 Paige, 503.

Mr. J. A. CRAIN, for the appellee:

In an action for money had and received, the defendant may make any defence which shows that the plaintiff *ex equo et bono* is not entitled to the whole of his demand. *Moses* v. *McFarland,* 2 Burr. 1010; *Stephenson County* v. *Manny,* 56 Ill. 161; *Watson* v. *Wolverton,* 41 id. 243; *Bennett* v. *Connelly,* 103 id. 56.

Where the property in which the estate of homestead exists exceeds in value $1000, the excess is plainly unaffected by the statute,—that is to say, the excess is liable to the same lien of judgment, attachment, etc., and to be alienated in the

same manner that other real property of the householder is. *Eldridge* v. *Pierce*, 90 Ill. 481; *Browning* v. *Harris*, 99 id. 462.

A lien by judgment is of as high an order as a lien by mortgage, and when the sale is made under the trust deed, and a surplus comes into the hands of the trustee, the lien of appellee will be transferred from the land to that surplus. *Hart* v. *Wingart*, 83 Ill. 284.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

This was an action of assumpsit, by appellant, against appellee, for money had and received by the latter to the use of the former.

Appellant, being the owner of a farm of six hundred and forty acres, in July, 1871, he and his wife conveyed an eighty thereof, (being two forties lying north and south of each other,) *in trust*, to Black, to secure the payment of certain promissory notes to Flanagan, and relinquished therein all rights of homestead. In January, 1877, appellant and his wife conveyed the remaining tracts of land in the farm, *in trust*, to Taylor, to secure the payment of a promissory note to Kleckner; but this deed was afterwards satisfied by a sale of a part of the lands, and it is not connected with the questions arising in this case. On the 20th of October, 1877, appellee recovered four judgments, and on the 7th of December of the same year a fifth judgment, against appellant, in the Stephenson circuit court. Executions were issued on these judgments, and in June, 1878, the sheriff levied them on the south forty conveyed in the trust deed to Black, and on the 29th of June, 1879, by virtue of such levy, he sold this forty to appellee, still leaving a balance due on the execution, and executed to him a certificate of purchase therefor. On the 20th of September, 1879, Black sold the eighty so conveyed to him, to satisfy the debt due to Flanagan, selling the north forty first. The appellee became the purchaser of both tracts at that sale, paying the trustee, on that account, $1891.03, which over-

paid the amount due Flanagan by $408.79. Appellee produced his certificate of purchase, and claimed this excess by virtue thereof, and it was paid to him by the trustee. No redemption was made by appellant. This suit is to recover this $408.79 so paid by the trustee to the appellee. The jury, under instructions of the court, found for appellee, and the court, after overruling a motion for a new trial, gave judgment thereon, and that judgment was affirmed on appeal to the Appellate Court for the Second District. Appellant brings the record here by appeal from that judgment.

The circuit court, of its own motion, instructed the jury as follows:

"This is an action for money had and received, brought by the plaintiff, against the defendant, to recover a sum of money constituting, as it is claimed, the surplus arising from the sale of certain lands under a deed of trust, after satisfying the amount secured by the deed of trust, and the costs and expenses of the sale. It will be your duty to determine, from all the evidence in the case, whether said money has been received by the defendant, and whether he ought, in justice and equity, to pay it over to the plaintiff. In determining these questions, it will be your duty to be guided by the rules of law laid down in the instructions given you by the court. The plaintiff claims said money as being a part of the avails of his estate of homestead in the premises covered by said deed of trust, while the defendant claims it by virtue of a levy upon the land out of which said surplus arose, and a sale of said land, under certain judgments and executions against the plaintiff. By the laws of this State, every householder having a family is entitled to an estate of homestead, to the extent of $1000, in the farm or lot of land and buildings thereon, owned or rightfully possessed, by lease or otherwise, and occupied by him as a residence. If you believe, from the evidence, that at the date of the deed of trust

to Black, read in evidence, the plaintiff was the owner in fee
of the land described therein, and that he was then a house-
holder having a family, and in the possession and occupancy
of said land as a residence, he was entitled to an estate of
homestead therein to the extent of $1000. And if you further
believe, from the evidence, that the plaintiff, together with
his wife, made, executed and acknowledged said deed of trust,
then you are instructed that by said deed of trust the plaintiff
waived and released his estate of homestead in said land, and
was precluded from setting up said estate of homestead as
against said Black, or the holder of the promissory note se-
cured by said deed of trust. And if you further believe, from
the evidence, that said Black, afterwards, in pursuance of
the power contained in said deed of trust, advertised and sold
said land at public vendue, for default in payment of said
promissory note, and that at said sale the defendant became
the purchaser of said land, then the defendant took the title to
said land free from said estate of homestead. And if you fur-
ther believe, from the evidence, that the defendant recovered
against the plaintiff the judgments in favor of the defendant,
and against the plaintiff, read in evidence, and that said
judgments were severally recovered on the days on which
they respectively bear date, then said judgments became,
from and after the date of their recovery, liens upon said
lands, subject to said deed of trust, and also subject to said
estate of homestead. And if you further believe, from the
evidence, that the plaintiff occupied the north half of said
land as his residence, and that his dwelling house and all
other buildings and improvements appurtenant thereto were
situated thereon, and that the north half of said land largely
exceeded $1000 in value, and that the defendant caused
executions on his judgments to be issued to the sheriff of
Stephenson county, and to be levied upon the south half of
said land, and that said sheriff thereupon sold said south
half of said land upon said executions, and that at said sale

the defendant became the purchaser, and received from the sheriff the certificate of purchase read in evidence, and that said Black afterwards advertised said land for sale under said deed of trust, and on making sale in pursuance of said notice, voluntarily, of his own accord, offered the north half of said land for sale first, and sold the same for the sum of $1600, and that said sum not being sufficient to satisfy said promissory note and the costs of sale in full, then offered for sale the south half of said land, and sold it for the sum of $700, and that said last mentioned sum, after paying the residue of said note and the costs of sale, left a surplus in the hands of said Black of $408.97,—then said surplus belonged to defendant, and not the plaintiff, and you should so find by your verdict."

Complaint is also made of the refusal of the court to give certain instructions asked by the appellant, but we agree with the view expressed by the circuit judge in overruling the motion for a new trial,—that if this charge is correct, those instructions were properly overruled.

We are of opinion there is no substantial error in this ruling of the court. The evidence shows the north forty acres was in fact the homestead of the appellant. The dwelling house, and all the other buildings, the garden, the orchard, and "all the homestead improvements," were upon it, and it exceeded in value $1000. The south forty was simply a part of the farm of six hundred and forty acres, and was in nowise differently connected with the north forty than was the forty lying east of that forty. We said in *Gardner et al.* v. *Eberhart et al.* 82 Ill. 321: "A farm may, as in this case, consist of several lots of ground, but the statute exempts only the lot so occupied. The court will take judicial notice of the government surveys of the public lands, and that a quarter section of land consists of four forties, each with well defined bounds. If the forty on which the residence buildings are

situated does not exceed $1000 in value, it is exempt. (*Hill v. Bacon,* 43 Ill. 478.) It seems to follow that if the forty so occupied did exceed the value of $1000, the other three forties, or either of them, could be levied upon and sold, without violation of the debtor's right of exemption." The same doctrine had been, in substance, previously announced in *Hill* v. *Bacon,* therein cited, and in *Aldrich et al.* v. *Thurston,* 71 Ill. 324.

We know of no reason why the trustee might not sell the homestead forty first, that can be available in this action. The deed to him conveyed the legal estate, and the power vested in him was broad enough to authorize it, and no equitable proceedings were interposed to prevent it. It follows, then, inasmuch as the homestead forty did not sell for enough to satisfy the deed of trust, the sale of the south forty was unaffected by the claim of homestead. The balance, therefore, in the hands of the trustee after satisfying Flanagan, was properly paid to appellee, by virtue of his certificate of purchase.

The judgment is affirmed.

*Judgment affirmed.*

Subsequently, upon an application for a rehearing, the following additional opinion was filed:

Per CURIAM: We have been asked to grant a rehearing in this cause, upon the ground that inasmuch as Black's trust deed was executed in 1871, the Homestead act of 1872 gave appellant a new estate of homestead in the property, measured by $1000 in value of his equity of redemption. We deem the position untenable. An equity of redemption is not an *estate.* It is sufficiently accurate for the present purpose to say, in general terms, it is a mere equitable privilege of removing an incumbrance upon land, and thereby preventing a divestiture of title. Whether the property be incumbered by judgment or mortgage, or not, the *estate* of the owner

therein is, in equity, precisely the same. The first section of the Homestead act of 1872 only gives an estate of homestead "to the extent in value of $1000 in the farm or lot of land and buildings thereon owned or rightly possessed, by lease or otherwise," etc. Appellant had this estate in the north forty, as the evidence shows, incumbered, however, by deed of trust. As to those entitled to the benefit of that deed he was estopped to set up this estate, but his relations towards the balance of the world were just as if that deed had never been executed. As to them, he had an estate of homestead in the north forty. Of course, it might terminate by foreclosure and sale under the deed of trust, if he chose to suffer it to do so; but that did not affect his right of homestead as to others, so long as he remained owner of the land.

We do not conceive appellant's right in the equity of redemption is any broader, as to the quantity of property included under the act of 1872, than it would have been had the act of 1851–57 remained in force. The former named act, it is true, gives an *estate*, as contradistinguished from a mere exemption given by the latter; but the property in which that estate is given, and the measure of its extent, is substantially the same in both statutes.

It is not a fair construction of the statute that it was intended the owner should have distinct estates of homestead in the same property, enlarging and contracting as he should incumber it and remove those incumbrances,—that is to say, before mortgage, an estate of $1000 in value of the land itself; after mortgage and homestead released, and as to others than that mortgagee, an estate of $1000 in value of equity of redemption from that mortgage,—in other words, a privilege worth $1000 to redeem from that mortgage. Such a construction is neither fairly within the letter nor the spirit of the statute.

The rehearing is denied.

*Rehearing denied.*