## W. P. Cravens v. Edward Winzenberger.

1. RENTS—*Who is Entitled Before a Demand for Dower is Made.*— Until a demand has been made or petition for dower filed by the party entitled to the assignment, the owner of the fee is entitled to the whole of the crops or rents.

2. DOWER—*Nature of the Right During Coverture.*—The right of dower in the party entitled, is an inchoate expectancy, during coverture, maturing upon the death of husband or wife into a right of action to have his or her dower admeasured in the lands of which the deceased party was seized; the right rests in action merely; it is not an estate in lands nor does it give the party entitled to it a right of entry.

3. JURISDICTION—*In Equity, When to be Challenged in the Trial Court.*—The objection that a court of equity is without jurisdiction because the complainant has an adequate remedy at law, can not be made for the first time in the court to which an appeal is taken.

**Bill for an Injunction.**—Error to the Circuit Court of Wayne County; the Hon. PRINCE A. PEARCE, Judge, presiding. Heard in this court at the February term, 1901. Affirmed. Opinion filed September 4, 1901.

CREIGHTON & KRAMER and HANNA & HANNA, attorneys for plaintiff in error.

GEO. W. JOHNS and W. T. BONHAM, attorneys for defendant in error.

MR. PRESIDING JUSTICE CREIGHTON delivered the opinion of the court.

This was a bill in chancery in the Circuit Court of Wayne County, by defendant in error against plaintiff in error, to enjoin plaintiff in error from removing crops, and from interfering with the possession of certain lands which defendant in error had purchased at an administrator's sale. Upon final hearing the Circuit Court sustained the bill and made the injunction perpetual.

There were two motions filed in the case at the last term, one by defendant in error for a rule on plaintiff in error requiring him to file bonds for costs, and one by plaintiff in error for continuance. These motions reached us after

the case had, in due course, been called and taken. They came too late and are both denied.

Plaintiff in error was surviving husband of deceased, whose land was sold by the administrator under a decree of the County Court. The County Court decree finds that plaintiff in error had consented that the land should be sold "free and clear" of his dower interest therein, and it was ordered so sold. At the foundation of the controversy between the parties here is the denial of plaintiff in error that he ever consented that the County Court should order the land sold "free and clear" of his dower interest, and he claims that he was entitled to the crops and to possession of the land until such time as dower should be assigned. This position is unsound. The record does not disclose that any demand had ever been made, or petition filed by plaintiff in error for assignment of his dower. In such case the owner of the fee is entitled to the whole of the crops or rents, until such demand is made or such petition filed. Bedford et al. v. Bedford, 136 Ill. 354; and in Heisen v. Heisen et al., 145 Ill. 658, it is said:

"The legislature having abolished tenancy by the courtesy, and conferred upon the husband the right of dower in his wife's lands, in general terms, and without the use of words showing an intention to enlarge the right of the husband beyond that granted to the wife, it is to be presumed that the same right was intended to be conferred upon each. * * * The right of dower in the wife is an inchoate expectancy during coverture, maturing upon the death of the husband into a right of action, to have admeasured to her dower in the lands of which he had been seized, and to which her dower had not been released. After the death of the husband, and before assignment, the right rests in action merely, is not an estate in lands, nor does it give a dowress a right of entry."

The only remaining question worthy of discussion is as to the power of the court to grant the relief decreed. Counsel for plaintiff in error contend that a court of equity has no jurisdiction, because there is an adequate remedy at law. What force, if any, there would be in this position, under the facts of this case, as an original proposition, is

now of no consequence. The record does not show that the jurisdiction was questioned or challenged in the trial court, but on the contrary shows that plaintiff in error filed his answer to the merits, and proceeded throughout, in that court, without in a manner raising the question there. An objection in a case of this character, that complainant has an adequate remedy at law, can not be made for the first time in the court to which the appeal is taken. Darby v. Dixon, 4 Ill. App. 187; City of Chicago et al. v. Cameron et al., 22 Ill. App. 91; Stout et al. v. Cook, 41 Ill. 447; Magee v. Magee, 51 Ill. 500; Chicago Theological Seminary v. Gage, 103 Ill. 175.

We find no such error in this record as calls for a reversal. The decree of the Circuit Court is affirmed.