GREEN H. CARROLL ET AL. v. MRS. BETTIE JEFFRIES ET AL.

Decided April 19, 1905.

**Homestead—Insolvent Estate.**

The homestead of a husband and his second wife being established upon 400 acres of land, community property of the first marriage, upon his death 40 acres were sold to pay debts, 160 acres set aside as homestead to the widow and minor daughter, and 200 acres to the heirs of the interest of the first wife. On the death of the widow, the heirs of the first wife sought partition of the homestead against the daughter, who resisted on the ground that, the estate being insolvent, she took the title in fee. Held, that, in determining the issue as to the insolvency of the estate, the widow and minor were entitled, as against creditors, to 200 acres as homestead, regardless of the character of title by which it was held; and as between them and the heirs of the first wife, if the 160 acres of homestead were equal in value to the remaining 240 acres, all the latter belonged to the heirs of the first wife and should not be considered as a part of the estate in determining its solvency; and in either event the homestead passed to the widow and her minor daughter in fee.

Error from the District Court of Hopkins County. Tried below before Hon. H. C. Connor.

*Crosby & Dinsmore*, for plaintiffs in error.—The children of Ferdinand and Rosana Carroll had, at the time of the partition, an undivided interest in every part of the whole of the two tracts of land, including the family residence and other outhouses, the gin and corn mill, and all improvements on the land, which interest was not subject to the right of homestead, and which interest the Probate Court was bound to pro-

tect at the time it was called upon to determine the homestead rights of Sarah E. Carroll and her minor daughter. Putnam v. Young, 57 Texas, 461; Pressley's Heirs v. Robinson, 57 Texas, 463.

Sarah E. Carroll and her minor daughter, Elizabeth, were limited in their claim to a homestead exemption to the undivided one-half interest of Ferdinand Carroll in the lands and improvements. This undivided one-half interest was one-half in value of the whole, and not in quantity. If 200 acres of land, with the gin and mill situated thereon, had been set off as a homestead to the widow and minor daughter, they would have received much more in value than one-half of the whole, to the great loss of the children of Rosana Carroll; and the homestead constituted as the court finds it ought to have been constituted would have included a large interest in the property belonging to the children of Rosana Carroll. Constitution of 1869, art. 15; Paschal's Digest, art. 6994 and arts. 5605 to 5611.

The order and judgment of the Probate Court, whereby the quantity of land to which Sarah E. Carroll and her minor children was entitled as a homestead was fixed at 160 acres, was final and conclusive, and said judgment can not be attacked collaterally. Paschal's Digest, arts. 5605-5611; Const., 1869, art. 5, sec. 7; Paschal's Digest, art. 5462; Harn v. Phelps, 65 Texas, 592; Bordages v. Higgins, 1 Texas Civ. App., 43; Williams v. Haynes, 77 Texas, 283.

The court erred in his conclusions of law in holding that the solvency or insolvency of the estate of Ferdinand Carroll, at the time of his death, must be determined and measured by the value of the property of the estate which would have remained if 200 acres of land and exempted personal property had been set off to the widow and minor child. It was error, because, first, it holds, in effect, that the Probate Court was compelled to set off 200 acres of land; and, second, because it ignores, and, in effect, annuls the judgment and orders of the Probate Court having jurisdiction by which the exemptions were set off to the widow and minor daughter.

*Wood & Melson,* for defendant in error Bettie Jeffries et al.—The uncontroverted facts proven showed that the plaintiffs were not entitled to recover, and hence, the admission of the testimony complained of in this assignment, if error, did not prejudice the rights of the plaintiffs in error. Watson v. Rainey, 69 Texas, 319; Green v. Crow, 17 Texas, 180; Sossaman v. Powell, 21 Texas, 664; Scott v. Cunningham, 60 Texas, 566; Rainey v. Chambers, 56 Texas, 17; Gaines v. Gaines, 23 S. W. Rep., 465; McDougal v. Bradford, 80 Texas, 558; Runnells v. Runnells, 27 Texas, 516; Jenkins v. Volz, 54 Texas, 636; Brown v. McLennan, 60 Texas, 43; Clements v. Lacy, 57 Texas, 150; Sales' Early Laws, art. 3484, sec. 26; Sales' Early Laws, art. 1912; Sales' Early Laws, art. 3476.

*Perkins & Craddock,* for defendant in error Missouri, K. & T. Ry. Co. of Texas.

KEY, ASSOCIATE JUSTICE.—The subject-matter of this suit is 160 acres of land. The plaintiffs' petition contains two counts, one being

trespass to try title, and the other for partition. The case was submitted to the judge, who filed findings of fact and rendered judgment for the defendants.

Ferdinand Carroll and his first wife, Rosana Carroll owned 400 acres of land. She died in 1860 and he died in 1871. They had several children, and after her death he established his homestead on the 400 acres of land, where he resided at the time of his death. In 1862 he married a second time, and at the time of his death he and his second wife, and one child born of the second marriage, occupied the 400 acres of land as a homestead, and thereafter his widow and her minor daughter continued to so occupy and use the property for a number of years.

There was an administration on the estate of Ferdinand Carroll, and during its progress, and by order of the Probate Court, 40 acres of the land were sold for the purpose of paying debts. The Probate Court also entered a decree of partition, by which 200 acres of the land were set apart to the children of Ferdinand and Rosana Carroll, and 160 acres to Mrs. S. E. Carroll, the second wife, and her minor child. Mrs. S. E. Carroll is now dead, and her daughter has married, and is now Mrs. Bettie Jeffries.

The plaintiffs in this suit are the children and grandchildren of Ferdinand and Rosana Carroll, and the defendants are Mrs. Jeffries and certain others who claim under Mrs. S. E. Carroll.

The plaintiffs contend that Mrs. S. E. Carroll, the second wife, had only a life estate in the 160 acres of land, and that, she now being dead, it belongs to them and Mrs. Jeffries, and is subject to partition.

The trial judge found, as a fact, that Ferdinand Carroll was insolvent at the time of his death, and held, as matter of law, that, on account of such insolvency, his surviving wife and minor child, the moment he died, were vested with absolute title to the homestead, which included the 160 acres in controversy. The plaintiffs, who have brought the case up for revision, do not assail that conclusion of law, but do assail the finding of fact referred to. If the 40 acres of land which were sold by the administrators of Ferdinand Carroll's estate were part of his homestead at the time of his death, as held by the trial court, then he was insolvent at that time. Testimony was submitted tending sufficiently to show that the 40 acres referred to, though not at that time segregated by any survey, marked lines or otherwise, were, in fact, contiguous to the 160 acres in controversy; that Ferdinand Carroll had a mill and gin on the 40 acres which he used, and from which, in part, he derived means for the support of his family. As against creditors, this was sufficient to impress the homestead right upon the 40 acres, as well as the 160 acres upon which his residence and farm were situated.

In the brief submitted for the plaintiffs in error, it is complained that, in determining the question of solvency, the court proceeded upon the theory that Ferdinand Carroll was entitled to hold as a homestead full 200 acres of land, with the improvements thereon, regardless of the fact that he did not have absolute title thereto, but merely owned an undivided half interest in the 400 acres of land, of which the 200 acres referred to were part. The court was correct. As between Carroll and his creditors, he would have been entitled to hold as homestead the entire 200 acres, regardless of the character of his title.

But if, on account of improvements thereon, or for any other reason, the 160 acres upon which he resided were equal in value to the remaining 240 acres, then in right and equity, the plaintiffs were entitled to the 40 acres, and it should not have been considered as any part of Carroll's estate in determining the question of solvency. So, regardless of the question of homestead right in the 40 acres, and conceding that Carroll had no such right, if counsel for the plaintiffs in error are correct in their contention that the 160 acres were equal in value to the remaining 240 acres, then the 40 acres sold by the administrators were properly excluded by the trial court in determining the question of solvency.

No reversible error has been shown, and the judgment is affirmed.

*Affirmed.*

Writ of error refused.