32704. JONES *et al.*, Tax Assessors, *v.* JOHNSON.

DECIDED OCTOBER 18, 1949. REHEARING DENIED NOVEMBER 2, 1949.

*A. H. Gray*, for plaintiffs in error.

TOWNSEND, J. (After stating the foregoing facts.) Code (Ann. Supp.) § 92-232 defines a homestead as "real property owned by the applicant on January 1st of the taxable year and who is in possession thereof and upon which said applicant resides and *the land immediately surrounding said residence* and to which he or she has a right to said possession under a bona fide claim of ownership." (Italics ours.)

The homestead is limited in various respects, viz.: (1) by the quality of the estate held (Code (Ann. Supp.) § 92-233, subsections (a) to (k) inclusive) relating to title and occupancy, (2) by the value of the property within the maximum limit of $2000 (Code (Ann. Supp.) § 92-219), and (3) by the use to which the property is put (Code (Ann. Supp.) § 92-233, subsections (1) to (7) inclusive). It is to be noted that there is no limitation as to the size or physical proportions of the property to be embraced within the provision, and it would seem that the purpose of the constitutional provision and statutes pursuant thereto in fixing a maximum valuation was by so doing to equalize the exemption as between applicants on the basis of value, regardless of the extent of the tract involved.

The applicant in this case has satisfied the first two requirements for a homestead exemption, and the only remaining question is whether or not the agricultural use to which he puts his land, which is admitted to be a part of the tract upon which his dwelling house is located, is such a commercial use of the property as would place it within the inhibition of Code (Ann. Supp.) § 92-233 (3) which is as follows:

"Property used for commercial purposes or the conduct of a business shall not be classified for the purposes of this subsection as a homestead unless the business conducted or the commercial enterprise carried on is of such nature that same is customarily conducted at a place of residence. In no event shall property be exempt from taxation hereunder when a commercial enterprise requiring the services of employees is carried on on said property or when the nature of the business and the en-

terprise requires physical changes in the property to render same suitable for such business or enterprise."

The words "commercial purposes or the conduct of a business" do not suggest the occupation of farming, but, on the contrary, relate generally to the manufacture, transportation, traffic and sale of goods and merchandise of all kinds. The distinction between agricultural uses on the one hand, and business, manufacturing or commercial uses on the other is fundamental, and is, indeed, incorporated in all of our land-use and zoning statutes, ordinances and regulations, agricultural uses being generally held in such cases to be an incident of residential land uses. See *Lewenstein* v. *Brown*, 200 *Ga.* 433 (37 S. E. 2d, 332) as an example of statutory land-use divisions.

To hold that a domestic farm immediately surrounding the farm dwelling house is such a "commercial enterprise" as would deprive the resident owner, who himself farms the land and uses certain of the products therefrom for the immediate sustenance and comfort of his family, and sells the excess or exchanges them for other goods for the same purpose, would be to place a narrow and inaccurate interpretation wholly lacking in conformity to the purpose of the law. In 26 Am. Jur. § 11 it is said that, "All reasonable presumptions will be indulged in favor of the homestead right, and the right is to be held to apply to all such cases as are within the equity and spirit of the statute which has established it."

Counsel for the plaintiff in error cites *Spence* v. *Johnson*, 142 *Ga.* 267 (82 S. E. 646, Ann. Cas. 1916A, 1195), in which it was held that farming is a "trade" within the meaning of the statute allowing recovery for slanderous charges in connection with one's trade or profession. That case contains an extended discussion of the various meanings of the term, and points out in conclusion that "the meaning with which the word *trader* is used in the particular statute is to be sought, and that it will not necessarily be limited by the definitions or criticisms of verbalists."

It is apparent that the words "business or commercial enterprise" as used in the homestead-exemption statute have no application to general agricultural pursuits, nor have they been so construed by similar statutes in most of the other States. Black's Law Dictionary defines "homestead" among other things as

"the home farm." It was stated, In re Jarrell (Cal.) 34 Fed. 2d, 970, at page 975: "If situated in the country [the homestead] may include a garden or farm." See also Oregon Mortgage Co. v. Dunbar, 87 Mont. 603 (289 Pac. 559, 73 A. L. R. 113) and the annotation, page 116 et seq., citing cases where it has been held that a rural homestead may be set up in two tracts of land cornering each other; in a 40 acre tract of land which included a mill and gin; to the whole of the farm even though the same was divided by quarter section lines; where a tract of rural land adjoined a town lot and was used for agricultural purposes. Gregg v. Bostwick, 33 Cal. 220 (91 Am. Dec. 637); Darby v. Dixon, 4 Ill. App. 187; Carroll v. Jeffries, 39 Tex. Civ. App. 126 (87 S. W. 1050); Thornton v. Boyden, 31 Ill. 200.

We are, therefore, of the opinion that the reasonable intent of the homestead-exemption provisions of our Constitution and statutes is to include in rural homesteads the entire tract of land upon which the house is situated, regardless of whether the land surrounding the dwelling be used simply as an extended approach to the building or put to agricultural uses.

*Duncan* v. *Proctor*, 195 *Ga.* 499 (24 S. E. 2d, 791), relied on by the plaintiff in error, requires no different construction. It was held in that case that the applicant was not entitled to exemption because the property was not used primarily as a residence, but as a boarding house. Here there is no dispute that the property in question is the residence of the applicant, and the agricultural uses to which he put his farm are not commercial uses within the meaning of the statutes relating to homestead exemption.

The judgment of the trial court in reversing the ruling of the Board of Tax Assessors and granting the exemption is without error.

*Judgment affirmed. MacIntyre, P. J., and Gardner, J., concur.*