MARGARET G. SANDERS *v.* ROBERT KEENAN AND
DELMA MERRITT

5-4538                                          426 S. W. 2d 399

Opinion delivered April 15, 1968

*Laws & Schulze,* for appellant.

*Williams & Gardner,* for appellees.

GEORGE ROSE SMITH, Justice. This is an action in
unlawful detainer brought by the appellant, Margaret

G. Sanders, in March, 1966, to recover possession of a farm in Yell county. The two defendants—Robert Keenan, who was Mrs. Sanders's tenant under a written one-year lease which expired on December 31, 1965, and Delma Merritt, who was Keenan's subtenant—retained possession of the land during the year 1966 by executing a bond for retention of the property. Ark. Stat. Ann. § 34-1510 (Repl. 1962). In the court below Mrs. Sanders obtained a $5,000 verdict and judgment against Merritt only. Her principal contentions for reversal are that the trial court erred (a) in directing a verdict for Keenan, and (b) in refusing to submit to the jury her claim for triple damages under the statute.

Over a period of about forty years the farm in question was the subject of an annual Sanders-Keenan lease. At first the lessor was the plaintiff's husband; after his death it was Mrs. Sanders herself. At first the lessee was Dan Keenan; after his death it was his son, the defendant Robert Keenan. The 1965 lease, which adhered to a form used by the parties for several years, specified a rental of $5,000, payable in installments of $2,000 on October 15, 1965, $1,500 on November 15, and $1,500 on December 15. It is conceded that Keenan paid the 1965 rental and that the parties—apparently for the first time in some forty years—did not agree upon a lease for 1966.

We consider first the court's action in directing a verdict in favor of Keenan. Merritt had been Keenan's subtenant for several years. Merritt testified that Keenan did not finance Merritt's farming operations in 1966, as he had done in prior years. Merritt went on to say, in response to a question by the court, that Keenan had no interest at all in the 1966 farming operations. Keenan did not elect to testify. Upon that state of the record, as far as the defendants' testimony was concerned, the trial court concluded, with some expressed doubt, that Keenan was entitled to a directed verdict.

The court was in error. It is settled by decisions far

too numerous for citation that a verdict ought not to be directed against the plaintiff if there is any substantial evidence to support a finding in favor of the plaintiff. Here there are no fewer than three considerations that might have induced the jury to find that Keenan was actually a participant, as a tenant, in the detention of the land in 1966. First, during the year 1966 Keenan sent Mrs. Sanders a $5,000 check for the annual rent (which was not accepted). That same check was again tendered to the plaintiff at the beginning of the trial. Secondly, Keenan and Merritt, as joint *principals,* executed the bond to retain possession of the farm during 1966, after the suit had been filed. Thirdly, the answer filed in the case by the two defendants, Keenan and Merritt, admitted that "the Defendants have remained in possession of said lands since the first day of January, 1966." Despite the possibility that the pleadings may be amended before the case is tried anew, *Stucker* v. *Hartford Acc. & Ind. Co.,* 222 Ark. 268, 258 S. W. 2d 544 (1953), we must determine the present appeal upon the record presented. Any one of those three considerations might well be a basis for denying Keenan's motion for a directed verdict. The combined thrust of all three is irresistible.

The remaining issue is that of the appellees' possible liability for multiple damages. At the trial the plaintiff requested an instruction under the triple damage statute, Ark. Stat. Ann. § 34-1516, but the court refused that request and submitted only the issue of Merritt's liability for single damages (Keenan having already received a directed verdict, as we have said).

The court was right in excluding the issue of triple damages. Under the statute such damages are recoverable only for the unlawful detention of property that is used either for commercial or for mixed residential and commercial purposes. Section 34-1516. Multiple damage statutes, being penal, must be strictly construed. *Missouri Pac. R. R.* v. *Lester,* 219 Ark. 413, 242 S. W. 2d

714, 27 A. L. R. 2d 1182 (1951). ''Commercial'' means pertaining to commerce, which is ordinarily defined as the exchange or buying and selling of commodities. Webster's Second New International Dictionary; Random House Dictionary of the English Language. Under that definition statutes relating to commercial purposes, even when not strictly construed, are not considered to be applicable to agricultural pursuits. *Terrace* v. *Thompson,* 263 U. S. 197 (1923); *Jones* v. *Johnson,* 80 Ga. App. 340, 55 S. E. 2d 904 (1949); *Armand* v. *Bordelon,* La. App., 53 So. 2d 168 (1951); *Partridge* v. *Blackbird,* Minn., 6 N. W. 2d 250 (1942). In the case at bar our statute, *a fortiori,* must be narrowly interpreted.

The appellant's brief, more or less in passing, also suggests alternatively that she would in any event be entitled to an instruction under the double damage statute. Ark. Stat. Ann. § 50-509 (1947). The theory of a recovery under that statute was not in issue at the first trial, under either the pleadings or the requested instructions. We do not feel called upon to speculate about its possible relevance when the case is tried anew. The appellant also complains of the trial court's refusal to give her Instruction No. 1. Part of that instruction—a reference to the tenants' belief that they owned the land—was abstract; so it should not be given, in the form requested, upon a new trial.

As to Keenan, the judgment is reversed and the cause remanded for a new trial. As to Merritt, the judgment is affirmed, no error prejudicial to the appellant having been shown with respect to Merritt.