JOHN A. SMITH, administrator, *et al.*, plaintiffs in error, *vs.*
JOHN ARDIS, trustee, defendant in error.

1. Where a bill was filed against a defendant as administrator, seeking a decree against him in such representative capacity, a demurrer to an amendment, charging him individually, should have been sustained.
2. As an additional reason why the amendment should not be·allowed in this case, it is apparent that the implied trust for which it seeks to make the defendant liable, is barred by the statute of limitations.

Administrators and executors. Amendment. Statute of limitations. Trusts. Before Judge HARVEY. Gordon Superior Court. February Term, 1873.

This case has been before the Supreme Court at a previous term : See *Ardis, trustee, vs. Printup, administrator, et al.,* 39 *Georgia Reports,* 648. The bill is there fully reported. All the facts necessary to an understanding of the issues here presented, are incorporated in the decision.

A. W. HAMMOND & SON ; J. J. FAIN, for plaintiffs in error.

WARREN AIKIN ; W. H. DABNEY, for defendant.

WARNER, Chief Justice.

1. The only question made in this case is whether the Court below erred in overruling the demurrer to the amendment to the complainant's original bill, which seeks to make Smith liable individually for the wrongful conversion of the trust funds, when the original bill charges him with having received the trust money, as the administrator of Abbott's estate. The ·original bill was filed against the defendants on the 2d day of October, 1868, in which it is alleged that the defendant, Smith, as the administrator of Abbott, made a private contract with Skelly to sell him a settlement of land in Gordon county for the sum of $12,000 00; that the land was sold by Smith, as administrator of Abbott, at public sale, to perfect the title, and was bid off by Skelly in the spring of the year 1860 for

$8,000 00, Skelly giving his notes to Smith, as administrator of Abbott, payable at different times, for the sum of $12,000, specifying therein that the same was in part payment of said Abbott's land. Smith, as administrator of Abbott, executed a bond to Skelly to make him a title to the land when the notes should be paid. The complainant alleges in his original bill, that Skelly paid $7,100 00 on the notes, and that the money so paid by him was the money of his *cestui que trusts*, and that Smith knew it. The object of the original bill, manifestly, is to subject the land to the payment of the alleged trust debt, alleging that Skelly's estate is insolvent. In fact, the bill prays that said Smith, as administrator of Abbott, may be required, by a decree of the Court, to convey the land to the complainant, as trustee, for the use of his *cestui que trusts*, and that the bond and notes be canceled, or that the land be sold and the complainant's trust debt may have a priority of lien on the proceeds of such sale. There is nothing in the original bill, or in the special prayers thereof, or in the general prayer of the bill, consistent with the allegations contained in it, which seeks to make Smith liable for the trust funds in his individual capacity. Smith, as the administrator of Abbott, and Smith, in his individual capacity, are different persons, in the eye of the law, so far as *personal* liability is concerned. The amendment introduced a new cause of action against the defendant, charged him with an individual liability for which he was not charged in the original bill, and for which no decree could have been rendered against him, individually, according to the allegations contained therein, either under the special or general prayer thereof, and if liable, individually, for the conversion of the trust fund, that liability was barred by the statute of limitations applicable thereto at the time the amendment was made.

2. The original bill alleges that the money was paid to the defendant, Smith, in the years 1860, 1861 and 1863. The amendment charges that the defendant, Smith, received the money, as charged in the original bill, and by the means therein charged, and if the estate of Abbott is not liable to

account for the same, then the complainant prays that Smith be held liable, in his individual capacity, to account therefor. The amendment was made on the 11th of February, 1873. The trust for which the amendment seeks to make the defendant individually liable is not a continuing, subsisting trust, but an implied trust, which the statute of limitations of four years bars the remedy. In our judgment, the Court below erred in overruling the defendant's demurrer to the amendment.

Let the judgment of the Court below be reversed.