### 1017. CHARLES *v.* VALDOSTA FOUNDRY AND MACHINE COMPANY.

1. The words "Valdosta Foundry and Machine Company" import a corporation, and are sufficient as against a special demurrer on the ground that there is no party plaintiff.
2. An individual who is doing business in a trade name can, in such trade name, sue and be sued, especially where the suit relates to the business conducted in that name. If the name in which suit is brought is not in fact the plaintiff's trade name, the question should be made by a plea of misnomer, and not by demurrer to the declaration.
3. In a suit to recover personal property, a petition which sets forth the name of each article of property sued for, and the value of each article, is sufficiently definite as to the description of the property. These general terms of identification can be aided and rendered specific by parol testimony.
4. A conditional bill of sale duly recorded is admissible in evidence without preliminary proof of execution. And where, in such a bill of sale, the property sold was specified as named articles of machinery bought from the vendor, this was sufficient to put all persons dealing with the vendee on notice of the vendor's title.
5. There is no reversible error in any of the assignments, and the undisputed evidence demanded the verdict as rendered.

Trover, from city court of Sylvester—Judge Park. January 27, 1908.

Submitted April 23,—Decided September 28, 1908.

The Valdosta Foundry and Machine Company brought an action of trover against J. B. Charles. The petition contains the

usual allegations as to title in the plaintiff, possession by the defendant, value, and demand and refusal, and gives the following description of the property: "One 6x13 Fay Company inside moulder, one dry kiln, one Goodle & Waters resaw, one Smith comb, rip and cut saw, one board conveyor, one haul up rig and cars, one sawdust rig and chain, one iron car, two 30 lb. frog and switches, one lath binder, one twin engine, one 2,000 lb. balance wheel, one 24x16 mandrel pulley, forty feet 2-3/16 shafting, five boxes, five coupling, sixty feet 2-7/16 shafting (Job 199), and one saw guide."

The defendant filed a special demurrer, on the following grounds: (1) That it nowhere appears in the petition whether the Valdosta Foundry and Machine Company is a partnership, a corporation, or the mere trade name of an individual. (2) That the description of the property sued for is insufficient to put the defendant on notice as to the particular property referred to. This ground of the demurrer goes to the description of each item of the property, it being insisted that the description as given is too indefinite to enable the defendant to intelligently prepare a defense. (3) That it nowhere appears in the petition what right the plaintiff has to any item of the property specified; the bare allegation of title to such property being insufficient. (4) That the petition does not set out the definite and specific value of each item of the property sued for; the statement of the aggregate value being insufficient. To meet the demurrer, the petition was amended as follows: (1) "by inserting after the words 'the petition of Valdosta Foundry and Machine Company,' in the first portion of the petition, and before the first paragraph of the same, the following words: 'the same being a trade name under which E. L. Thomas does business;' so that that portion of the petition, when amended, shall read as follows: 'The petition of the Valdosta Foundry and Machine Company, the same being a trade name under which E. L. Thomas does business, respectfully shows,'" etc.; (2) by giving the specific value of each item of the property; (3) by striking from the petition the aggregate value of $1,000, and, in lieu thereof, inserting, as the aggregate value, $2,450.50. The defendant objected to the foregoing amendment, on the grounds, that there was not enough to amend by, that it showed that the suit was null and void for want of the proper party plaintiff, and that it sought

to add a new party plaintiff. The amendment was allowed. After the petition had been thus amended, the defendant moved to dismiss it, "because said proceeding is absolutely null and void for want of a proper party plaintiff. The Valdosta Foundry and Machine Company, being neither a partnership nor a corporation, but the mere trade name under which E. L. Thomas does business," and, being neither a natural person, a corporation, nor a partnership, could not legally institute the action; and there being no party plaintiff, the suit is a mere nullity and can not be amended. The court overruled the motion to dismiss, and overruled a general demurrer filed by the defendant. To each of the foregoing rulings exception was taken.

The defendant filed a plea denying each paragraph of the plaintiff's petition, and the case went to trial before a jury. After the evidence of the plaintiff was heard, the defendant introducing none, the court directed a verdict for the plaintiff, for $949.37. The defendant filed a motion for a new trial, embracing some of the grounds already covered by exceptions to the judgment overruling the demurrer, and, besides the general grounds, the following additional assignments of error: (1) that the court erred in directing a verdict for the plaintiff, as there was a conflict in the evidence as to the value of each item of property in question; (2) that the identity of the property had not been conclusively proved; (3) that the title of the plaintiff to the property was not shown by the evidence; (4) that the court erred in admitting in evidence the conditional bill of sale, without first requiring proof of its execution; and because the description of the property contained in this instrument was not sufficient to show that it was the same property testified about and sued for, or to put the defendant on notice that the title to the property therein described was in the plaintiff. The court denied the motion for a new trial, and this judgment is assigned as error.

*C. E. Hay, Claude Payton,* for plaintiff in error.

*J. B. Murrow, Perry & Williamson,* contra.

HILL, C. J. (After stating the foregoing facts.)

1, 2. The words "Valdosta Foundry and Machine Company" import a corporation, and the court properly overruled the special demurrer based on the ground that there was no party plaintiff. *Van Winkle Gin and Machine Works* v. *Mathews,* 2 *Ga. App.* 249

(58 S. E. 396) ; *Georgia Fire Asso.* v. *Borchardt,* 123 *Ga.* 185 (51 S. E. 429) ; *Holcomb* v. *Cable Co., 119 Ga.* 466 (46 S. E. 671). The amendment of the petition, therefore, setting out the real character of the plaintiff was unnecessary, unless it was denied that the plaintiff was a corporation and this denial was shown by proof. The amendment, however, was allowed by the court; and the petition as amended showing that the plaintiff was in fact not a corporation, but was an assumed or trade name of an individual, the question made by the motion to dismiss the petition on the ground that the suit was brought neither by a corporation, a partnership, nor a natural person, and that therefore there was no real party plaintiff, is necessary to be determined. The motion to dismiss, being in the nature of a general demurrer, admits the truth of the allegation that the Valdosta Foundry and Machine Company was the trade name under which E. L. Thomas did business; so the question arises whether an individual can, in an assumed or trade name, bring a suit. It is well settled by frequent decisions of the Supreme Court that no suit can be lawfully prosecuted save in the name of a plaintiff having a legal entity either as a natural or as an artificial person; in other words, that in every suit brought in this State there must be a real plaintiff and a real defendant. *Anderson* v. *Brumby,* 115 *Ga.* 649 (42 S. E. 77) ; *W. & A. Railroad Co.* v. *Dalton Marble Works,* 122 *Ga.* 774 (50 S. E. 978). The underlying purpose in requiring that there shall be real parties to all litigation is, that there shall be some one upon whom the judgment of the court shall be effective. It is entirely competent for a person to assume any business name which he desires, except as prohibited by statute (see Civil Code, §2636), and all contracts made by him in that name shall be binding, and if he brings suit in that name he will be afterwards estopped from denying the binding effect of any judgment in such suit; and the person who thus sues in a trade or business name can not, in his real name, be afterwards heard to dispute any judgment rendered in the case in which he was a party plaintiff under the assumed or trade name. *Clark* v. *Wyche,* 126 *Ga.* 24 (54 S. E. 909). Mr. Justice Atkinson, in the case just cited, says: "So it is not so much the name, but the identity of the person who causes the name to be employed, that is the main question." And further, "If Mrs. Wyche under the assumed name [George Foun-

dry and Machine Works]˙ caused the foreclosure proceeding to be instituted in that name, the proceeding, so far as she is concerned, would not be wanting in respect to a real party plaintiff, and she would, after judgment, be estopped to raise the point that the suit was not brought in the name of a natural person, a partnership, or a corporation. She is capable of suing. By her true name or whatever name she adopts, the suit will be sufficient to bind her whenever it appears that it is instituted at her instance. It is not a question of fictitious parties. The parties are real, one acting under an assumed name, but nevertheless a real party." The foreclosure proceeding alluded to by the learned Justice was instituted by Mrs. Wyche under the assumed name of George Foundry and Machine Works, which was admitted to have been the name under which she conducted business, the mortgage being made to her in that name. Under a plea of recoupment a verdict was obtained against the plaintiff, in excess of the amount sued for, and Mrs. Wyche subsequently contested the validity of this verdict and of the judgment obtained thereon, on the ground that there was no legal entity as a party plaintiff in the foreclosure suit, and that she, as an individual, was not bound by the judgment in that suit. The Supreme Court held that she could not, after having instituted suit in her trade or business name, deny in her real name the validity of the judgment or its binding effect upon her. We think the principle announced in this case is·applicable to a suit by a party in a trade or business name; in other words, that if a judgment in such a suit would be binding upon the real party suing in such business or trade name, the suit itself, being one by an individual in his assumed or trade name, would meet the requirement of the law that there should be a real party plaintiff. Under the doctrine laid down in the *Clark* case, supra, a defendant sued by a plaintiff under an assumed or trade name, where a judgment is obtained against him, could not have such judgment set aside or arrested on the ground that there was no real party plaintiff. Of course, the defendant is entitled to be sued by a real party plaintiff; and if he desires to contest the fact that he is so sued, he can do so by a plea in abatement, and set up a misnomer in the name of the party plaintiff. But if he admits, as he does by general demurrer or by motion to dismiss, that he is in fact sued by a real party plaintiff,

although in such suit the trade or business name is used, we can see no reason in law or logic why such suit would not be a valid one against him, or why he would not be fully protected and the purpose of the law in requiring real parties substantially complied with. We therefore conclude that either a natural or artificial person who is transacting business under an assumed or trade name can, in such name, maintain or defend a suit. This is clearly indicated by the decision in the *Clark* case, supra, and we think is implied by the Supreme Court in the case of *Whitt* v. *Blount,* 124 *Ga.* 671 (53 S. E. 205). It is a well known fact that many firms retain their original name many years after the original partners composing them have either retired or died, and that business is continued to be transacted in the name of such original firms; and we see no legal reason why individuals may not be allowed to adopt as their trade or business name any name they please, and by such name sue and be sued. The plaintiff in error relies upon the case of *W. & A. R. Co.* v. *Dalton Marble Works,* supra. In that case the suit was brought by the "Dalton Marble Works," and a motion was made to dismiss on the ground that there was no allegation that the Dalton Marble Works was a corporation or partnership, and it was not the name of an individual. To meet this objection, an amendment was made, adding, after the words "Dalton Marble Works," the words "H. P. Colvard, proprietor." The court held that it was not certain that the name "Dalton Marble Works" imported either a corporation or a partnership, and that the amendment negatived such a construction of the words, but, on the contrary, showed that the "Dalton Marble Works" was in fact neither a corporation, a partnership, nor an individual, but merely the name of Colvard's property; that the words "H. P. Colvard, proprietor," simply indicated that he was the owner of the "Dalton Marble Works;" and that the suit was therefore instituted in the name, not of a natural or artificial person, but of a piece of property, and that, therefore, there was no real party plaintiff. In the present case the amendment which was allowed alleged that the Valdosta Foundry and Machine Company was the trade name of E. L. Thomas, under which he was in fact doing business. The words added by the amendment disclosed a real individual carying on his business under a definite, fixed trade name, which was used by the

real individual in his suit. The two cases are therefore distinguished in the allegations made by the amendments respectively; and we think, as above indicated, that the case sub judice falls more clearly within the reason of the rule as laid down by the Supreme Court in the *Clark* case, supra.

3, 4. The description of the property sued for, set out in the petition as amended, is sufficiently specific and definite. If this description leaves any doubt as to the identity of the property, the doubt can be easily solved by parol evidence. In pleading, very meager terms of identity may be sufficient, parol evidence being admissible, under such general words of description, to identify the property. In mortgages or conditional sales of property "the courts lay hold of slight circumstances to supplement the descriptive words." The words of description contained in this petition are more definite and specific than similar descriptive words approved by the Supreme Court as sufficient in the case of *Thomas Furniture Co.* v. *T. & C. Furniture Co.*, 120 *Ga.* 879 (48 S. E. 333).

The ground of special demurrer, that the petition did not give the value of each article sued for, that it was not sufficient, on the question of value, to state only the aggregate value of the articles, is sufficiently met by the amendment, which was properly allowed. This amendment sets forth, opposite the name of each one of the articles sued for, its value, and then the aggregate value of the articles.

5. The grounds of the motion for a new trial are without merit. There was no conflict in the evidence as to the identity of the property sued for, or the fact that it belonged to the plaintiff, and that it was in the possession of the defendant when demand was made and when suit was filed. Only two witnesses testified on the question of value, and the verdict, as directed by the court, was for a less sum than the amount testified to by either witness. The property sued for was the same property which had been sold by the plaintiff, as set out and described in the conditional bill of sale, and the title of the plaintiff to the property in question was retained until paid for by this written instrument, which was duly executed and recorded. Besides this documentary evidence of title, the plaintiff swore positively that the property belonged to him; and there was no denial of this fact

by the defendant. On the general grounds, therefore, the verdict was the only one that could have been rendered, under the undis-puted evidence and all reasonable inferences fairly deducible there-from.

There was no error in admitting in evidence the conditional bill of sale covering the articles sued for, without preliminary proof of its execution. It was not objected to as improperly admitted to record; and when such instruments are duly executed and re-corded, they are admitted in evidence without formal proof of execution, as in the case of mortgages. *Anderson* v. *Leverette,* 116 *Ga.* 732 (42 S. E. 1026).

We find no merit in any of the assignments of error, and the judgment is therefore                                    *Affirmed.*