8003. BREMEN FOUNDRY & MACHINE WORKS *v.* McLENDON *et al.*

1. An individual can in an assumed or trade name maintain a suit. The words "Bremen Foundry & Machine Works, by L. E. Bailey, owner and manager thereof," import an individual doing business under a trade name, and are sufficient to support an amendment alleging that the Bremen Foundry & Machine Works is "a trade name under which L. E. Bailey does business."

2. The court erred in sustaining the demurrer and dismissing the petition.

3. The error in the ruling on the demurrer being controlling, the rendition of a judgment against the plaintiff for the costs of the suit was nugatory.

               DECIDED APRIL 3, 1917.

Complaint; from Haralson superior court—Judge Bartlett. October 6, 1916.

    *Taylor Smith, C. E. Moore,* for plaintiff.

    *M. Bullard, Griffith & Matthews,* for defendants.

BROYLES, P. J. The petition in this case was brought in the name of the "Bremen Foundry & Machine Works, by L. E. Bailey, owner and manager thereof." The defendants interposed a de-

murrer setting up that there was no proper or legal party plaintiff to the suit, as the name "Bremen Foundry & Machine Works, by L. E. Bailey, owner and manager thereof," imported "neither a corporation, a partnership, or an individual." The plaintiff offered an amendment to his petition, striking the words "L. E. Bailey, owner and manager thereof," and inserting in lieu thereof the following words: "the same being a trade name under which L. E. Bailey does business." The court sustained the demurrer and dismissed the petition, and the plaintiff excepted.

To sustain this judgment of the court counsel for the defendants in error rely mainly upon the case of *Western & Atlantic Railroad Co.* v. *Dalton Marble Works,* 122 *Ga.* 774 (50 S. E. 978). We do not think, however, that the instant case is controlled by that decision. In that case the suit was brought in the name of the "Dalton Marble Works," and, upon demurrer, the plaintiff amended the petition by inserting after the words "Dalton Marble Works" the words "H. B. Colvard, proprietor," and the ruling made by the Supreme Court was that even if the name "Dalton Marble Works" could be construed as importing a corporation or partnership, the admission made in the amendment showed that in fact it was neither, and that, therefore, the suit as brought was a nullity and there was nothing to amend by, and the lower court erred in allowing the amendment. It was not held in that case that the petition *as amended* did not show a real party plaintiff, it was held merely that the *original* petition did not, and therefore it could not legally be amended. In the instant case the original petition contains in principle substantially the same words as the amended petition in the *Dalton Marble Works* case, and hence a vital distinction between the two cases is clearly apparent. In our opinion the words, "Bremen Foundry & Machine Works, by L. E. Bailey, owner and manager thereof," import an individual doing business under a trade name, and the court erred in not allowing the amendment which set up that it was "a trade name under which L. E. Bailey does business." An individual can in an assumed or trade name maintain a suit. *Charles* v. *Valdosta Foundry Co.,* 4 *Ga. App.* 733 (62 S. E. 493). In that case this court held that the word "company," as used in the name of the plaintiff, imported a corporation, and that an amendment, similar to the one in the case at bar, should have been allowed, al-

though it was held that, as the name of the plaintiff, as set out in the petition, imported a corporation, no amendment was really necessary. Likewise, in our judgment, as the words "Bremen Foundry & Machine Works, by L. E. Bailey, owner and manager thereof," import an individual doing business under a trade name, no amendment to the petition was essential, although when offered it should have been allowed.

*Judgment reversed. Jenkins and Bloodworth, JJ., concur.*