HUDGINS CONTRACTING Co. *et al.* v. REDMOND *et al.*

RUSSELL, C. J. 1. "If a defendant appear and plead to the merits, without pleading to the jurisdiction, and without excepting thereto, he thereby admits the jurisdiction of the court." Civil Code (1910), § 5664. A mere reference to the defendant's right to demur or to plead to the jurisdiction at a later stage of the case is not a sufficient substi-

tute for the filing of a demurrer for testing the jurisdiction of the court and properly raising the point that the court is without jurisdiction, either before filing a plea to the merits or concurrently therewith. And the same rule applies to a plea to the jurisdiction. In this case the suit was filed May 3, 1932. On the same day the defendant filed an answer praying for affirmative equitable relief, for appointment of a receiver, and for a money judgment against the plaintiff. No demurrer based upon a lack of jurisdiction of the court, and no plea to the jurisdiction, had been filed at the time that the defendant filed its cross-action. Consequently the filing of a demurrer on May 26, 1932, and of a plea to the jurisdiction on June 15, 1932, were both too late. The defendant had already voluntarily submitted itself to the jurisdiction of a court which had jurisdiction of the subject-matter of the cause. Consequently the court did not err in thereafter striking the plea to the jurisdiction, or .in overruling any and all demurrers based upon the ground that the court was without jurisdiction. The court of equity, having properly assumed jurisdiction by the voluntary submission of the defendant, which by its answer and cross-action had itself become a plaintiff, was clothed with jurisdiction to finally adjudicate all issues thereafter arising, in accordance with the principles of justice and equity.

2. A petition brought in the trade-name of an individual may be amended by stating the real or true name of the person who purports to carry on the business to which the allegations of the petition relate; and the amendment does not state a new cause of action, or introduce a new party. Civil Code (1910), § 5686; *Charles* v. *Valdosta Foundry & Machine Co.*, 4 *Ga. App.* 733 (62 S. E. 493); *Clark* v. *Wyche*, 126 *Ga.* 24 (54 S. E. 909); *Worth* v. *United Electric Supply Co.*, 42 *Ga. App.* 702 (157 S. E. 246).

3. The court did not err in overruling the motion to continue. Aside from other defects in the character and contents of the motion, to which present reference need not be made, the defendant was not harmed; and the court did not err in holding that the defendant did not have to depend upon the estimate of the government or its contractor for proof of the yardage of dirt removed by either of the parties in the cause, and it was in the power of the defendant to ascertain and establish the actual yardage by a witness or witnesses within the jurisdiction of the court.

4. If for any reason the court erred in overruling the defendant's demurrer filed on June 22, 1932, to the amendment offered by the plaintiff to the original petition, a careful review of the entire record in this case clearly shows that the error was harmless, for the error was cured by the court in its charge to the jury restricting them to a finding upon five distinct issues properly within the pleadings and the evidence. The verdict in favor of the defendant, in view of the nature of the defendant's evidence in support of its cross-action, shows that the defendant's cause could not ·have been prejudiced. So far as the ultimate effect upon the trial is concerned, an objectionable feature in the pleadings can be as effectually removed by the charge of the court as by sustaining a demurrer thereto. The court's failure to sustain a demurrer, even though the demurrer be well founded, is not an error which affords just

ground for complaint if the charge of the judge to the jury accomplishes the end sought to be accomplished by demurrer.

5. The assignment of error set forth in the third ground of the amendment to the motion for new trial is not subject to the objections pleaded against it. The instruction did not place on the defendant a greater burden than the law places upon a plaintiff in proving a case of specific performance, as contended by the plaintiff in error. The instruction was adjusted to the evidence; and had fuller and further instructions been desired, they should have been timely requested.

6. No ruling will be made as to the fourth ground of the motion for new trial, since counsel for the plaintiff in error in his brief admits that this error alone would not be sufficient to authorize the grant of a new trial.

7. The court did not err, for any reason assigned, in the rulings excluding evidence referred to in the fifth, sixth, seventh, eighth, and ninth grounds of the motion for new trial.

8. The tenth ground, not being referred to in the brief of counsel for plaintiff in error, must be treated as having been abandoned.

9. There is no merit in the first three grounds of the motion for a new trial.

10. The court did not err in overruling the motion for a new trial.

*Judgment affirmed. Beck, P. J., and Atkinson, Gilbert, and Bell, JJ., concur.*

No. 9501. JANUARY 18, 1934. REHEARING DENIED MARCH 1, 1934.

*Carl T. Hudgins,* for plaintiffs in error. *Noah J. Stone,* contra.

ON MOTION FOR REHEARING.

RUSSELL, C. J. It having been called to our attention by the motion for rehearing that the general grounds of the motion for new trial, though not referred to in the original brief of plaintiff in error, are insisted upon in a supplemental brief, we have substituted the following in lieu of the ninth headnote in the decision rendered on January 18, 1934: "There is no merit in the first three grounds of the motion for a new trial." *Rehearing denied.*