STEWART *et al.,* trustees, *v.* DARBY BANKING CO. INC.

PER CURIAM. 1. A promissory note payable to "J. F. Darby, trading as The J. F. Darby Lumber Company," is not void and unenforceable against the maker thereof because the trade-name "The J. F. Darby Lumber Company" was not registered in the office of the clerk of the superior court in compliance with the Code, §§ 106-301, 106-302. The words "trading as The J. F. Darby Lumber Company," appearing after the name J. F. Darby, were used merely as words of description, and did not make the note payable to "The J. F. Darby Lumber Company." It appears from the face of the instrument that it was taken by the payee in his true name, and not in such trade-name. Accordingly, the statute regarding the registration of trade-names does not apply to such contract. The case differs on its facts from *Dunn & McCarthy Inc.* v. *Pinkston,* 179 *Ga.* 31 (175 S. E. 4); *Prater* v. *Larabee Flour Mills Co.,* 180 *Ga.* 581 (180 S. E. 235), and *Constitution Publishing Co.* v. *Lyon,* 52 *Ga. App.* 434 (183 S. E. 653), where the person who had adopted a trade-name actually made the contract in such trade-name, and not in his true name as in this case.

2. This being a suit to enjoin the foreclosure of a loan deed executed by the trustees of a religious organization, and given to secure payment of a promissory note likewise executed by such trustees, both in favor of "J. F. Darby, trading as The J. F. Darby Lumber Company," and transferred and assigned to the Darby Banking Company Inc., the judge did not err in refusing to enjoin such foreclosure on the ground that the note and the loan deed were void because the name "The J. F. Darby Lumber Company" was not registered in compliance with the Code, §§ 106-301, 106-302.

*Judgment affirmed. All the Justices concur, except Russell, C. J., who dissents.*

ATKINSON, J., concurs only in the result.

No. 11611. FEBRUARY 16, 1937.

*Saffold & Sharpe,* for plaintiffs.
*William T. Darby* and *B. P. Jackson,* for defendant.