DUNCAN *et al. v.* PROCTOR, tax-commissioner, *et al.*

No. 14456. · MARCH 10, 1943.

500

501

*Louis H. Foster,* for plaintiffs.

ATKINSON, Justice. The plaintiffs demurred to the answer of the tax-commissioner and the tax-assessors, on the ground that the facts set up were insufficient in law to operate as an estoppel on the appeal, which under the law could not be filed until the written notice had been received.

The formal written notice dated May 27, 1942, advising plaintiffs that their claim for a 1942 homestead exemption had been disallowed, further advised them that during its May-June, 1941, session, the board of tax-assessors disallowed the full claim for a 1941 exemption, after conferring with plaintiffs and granting a partial exemption. The agreed statement of facts shows that the above notice was the only one given to the plaintiffs. Section 5 of the homestead act (Code Ann. § 92-229) provides that an appeal must be filed within ten days after receiving notice that a claim has been disallowed. The appeal to the superior court was within ten days after receipt of the above notice, and complained of the refusal to allow a homestead exemption for the years 1941 and 1942. While the plaintiffs were entitled to receive written notice in 1941 that their claim for that year had been disallowed, it appears that the appeal covering both years was heard, after which

the court found that the plaintiffs were not entitled to the homestead exemption. It does not appear that the claim for the 1941 exemption was denied because it was not filed in time. In these circumstances any error in overruling the demurrer was harmless. *Hudgins Contracting Co.* v. *Redmond,* 178 *Ga.* 317 (4) (173 S. E. 135); *Central of Georgia Railway Co.* v. *Butler Marble & Granite Co.,* 8 *Ga. App.* 1 (6) (68 S. E. 775); *Wrightsville & Tennille Railroad Co.* v. *Vaughan,* 9 *Ga. App.* 371 (5) (71 S. E. 691); *Bell* v. *Tucker,* 37 *Ga. App.* 254 (3) (139 S. E. 573).

■ In article 7, section 2, paragraph 7, of the constitution of this State (Code Ann. § 2-5008) it is declared: "Beginning January 1, 1938, there shall be exempted from all ad valorem taxation for state, county, and school purposes the homestead of each resident of this State actually occupied by the owner as a residence and homestead, to the value of $2000, and only so long as actually occupied by the owner primarily as such, with the exception of taxation to pay interest on and retire bonded indebtedness. Such value to be determined in such manner and according to such rules and regulations as may be prescribed by law. The General Assembly may from time to time, as the condition of fiscal affairs of the State, counties, or schools may warrant, lower said exemption to not less than $1250." Ga. L. 1937, p. 1122, ratified June 8, 1937. In section 2 of an enabling act (Code Ann. §§ 92-220, 92-221; Ga. L. Ex. Sess. 1937-38, p. 145), it is declared: "The person seeking said exemption shall, on or before April 1st of the year in which exemption from taxation is sought, file a written application and schedule with the county tax-receiver or tax-commissioner charged with the duty of receiving returns of property for taxation. The failure to so file said application and schedule as provided herein shall constitute a waiver upon the part of such person failing to make said application for exemption for said year." Section 5 of the above act (Code Ann. §§ 92-228, 92-229, 92-230) declares: "The official receiving said application shall determine the eligibility of the applicant to claim the exemption provided for herein, and, whether said application is approved or disapproved, he shall then transfer same to the county board of tax-assessors for final determination by said board as to eligibility and value as provided by law. The applicant shall have the right of appeal to the board of tax-appeals in the counties where such

board has been established, or superior court of the county in which the land lies, from the decision of the board of assessors upon all questions of law or fact, provided the appeal is filed with the board of tax appeals in the counties where such board has been established, or clerk of the superior court, within ten days from the receipt of written notice from said board of the disapproval of or any change in the application. If, during the pendency of any such appeal, taxes shall become due and payable, the applicant shall pay the amount claimed into a registry designated by said court, to be there held pending final determination of said appeal. Failure to pay said sum within the time fixed by the court shall result in a dismissal of said appeal instanter."

The appellants contended that section 2 of the homestead-exemption act quoted above is violative of article 1, section 1, paragraph 3, of the constitution (Code, § 2-103), which declares that "No person shall be deprived of life, liberty, or property, except by due process of law," because it is an attempt by the legislature to declare a forfeiture of a property right guaranteed to appellants by the constitutional amendment providing for a homestead. There is no merit in this contention. The amendment allowing a homestead provided, "such value to be determined in such manner and according to such rules and regulations as may be prescribed by law," thus contemplating that the legislature would enact necessary rules and regulations to carry out the purpose of the constitutional amendment. Some time limit had to be fixed, and the requirement that the person seeking the exemption should file a written application on or before April 1 of the year in which the exemption from taxation was sought, and that failure to do so would constitute a waiver, did not deprive the plaintiffs of due process of law.

■ The plaintiffs contended that section 5 of the homestead-exemption act supra, is violative of article 7, section 2, paragraph 7, of the constitution (Code Ann. § 2-5008), making provision for the grant of a homestead exemption, for the reason that one who is eligible under the constitution can not be deprived of such right of eligibility by statute, or by a person or board set up by statute to determine eligibility. The constitutional amendment exempted from ad valorem taxation the homestead of each residence actually occupied by the owner, to a value not exceeding $2000, only so long

as occupied by the owner primarily as such. It did not grant to each resident a vested right to a $2000 exemption, but declared that such value would be determined in such manner and according to such rules and regulations as may be prescribed by law. The rules and regulations contained in section 5 of the enabling act, providing the manner in which the taxing officials should determine the eligibility of a resident to receive the exemption, are not violative of the constitutional amendment upon which the enabling act was based, for any reason assigned.

■ The plaintiffs contended that section 5 of the homestead-exemption act supra, is violative of article 1, section 1, paragraph 3, of the constitution (Code, § 2-103), declaring that no person shall be deprived of property without due process of law, because said section is vague and indefinite in the manner of determining eligibility, and denies the applicant a chance to be heard on such question before either the tax-commissioner or the board. The act in question is not subject to this criticism. The provision that the official receiving the application shall determine the eligibility of the plaintiffs to claim the exemption, and whether the application is approved or disapproved, and that he shall then transfer the same to the county board of tax-assessors for final determination, does not deny the plaintiffs a chance to be heard before either the tax-commissioner or the board of tax-assessors. The rights of an applicant for a homestead exemption are further safeguarded by the provision allowing the right of appeal from a decision of the board. The provision for dismissal on failure to pay into the registry of the court taxes that become due while the appeal is pending does not require a different result. Section 5 of the enabling act, supra, is not, for any reason assigned, violative of the due-process clause of the constitution.

■ The plaintiffs contended that section 5 of the homestead-exemption act, supra, is violative of article 6, section 18, paragraph 1, of the constitution (Code, § 2-4501), which declares: "The right of trial by jury, except where it is otherwise provided in this constitution, shall remain inviolate." In civil actions the right of jury trial exists only in those cases where the right existed before the first constitution, and the guaranty does not apply to special proceedings not then known or subsequently created or provided by statute. *Flint River Steamboat Co.* v. *Foster,* 5 *Ga.* 194 (7)

207 (48 Am. D. 248); *Metropolitan Casualty Insurance Co.* v. *Huhn*, 165 *Ga.* 667 (142 S. E. 121, 59 A. L. R. 719); *Hicks* v. *Stewart Oil Co.*, 182 *Ga.* 654 (3) (186 S. E. 802).

■ The plaintiffs further insisted that the taxing officials showed a discrimination, in that they granted the application of other citizens for a homestead exemption where they lived in the homestead dwelling and conducted a rooming and boarding-house for gain, and that such discrimination was violative of article 7, section 2, paragraph 1, of the constitution (Code, § 2-5001), providing: "All taxation shall be uniform upon the same class of subjects, and ad valorem on all property subject to be taxed within the territorial limits of the authority levying the tax, and shall be levied and collected under general laws." It appears from the agreed statement of facts that the tax-assessors were authorized to find that the property was not used primarily as a residence, but on the contrary that it was used primarily as a boarding-house; and accordingly the action of the board was not arbitrary and confiscatory, and therefore was not violative of the equal-protection clause as contained in article 7, section 2, paragraph 1, of the constitution. Code, § 2-5001.

The court did not err in overruling the motion for new trial.

*Judgment affirmed. All the Justices concur.*