HARPER *v.* DAVIS, tax assessor, *et al.*

No. 14778.  May 2, 1944.  Rehearing denied June 9, 1944.

*Charles W. Anderson,* for plaintiff.

*Standish Thompson* and *E. Harold Sheats,* for defendants.

BELL, Chief Justice. ■ The court did not err in sustaining the general demurrer and dismissing the appeal. The provision of the constitution under which the exemption was claimed is as follows: "Beginning January 1, 1938, there shall be exempted from all ad valorem taxation for State, county, and school purposes the homestead of each resident of this State actually occupied by the owner as a residence and homestead, to the value of $2000, and only so long as actually occupied by the owner primarily as such, with the exception of taxation to pay interest on and retire bonded indebtedness. Such value to be determined in such manner and according to such rules and regulations as may be prescribed by law. The General Assembly may from time to time, as the condition of fiscal affairs of the State, counties, or schools may warrant, lower said exemption to not less than $1250." Constitution of Georgia as amended June 8, 1937; Ga. Code Ann., § 2-5008.

The plaintiff in error contends that under this amendment she was entitled to the exemption, as approved by the tax receiver, to the amount of $1200, but that she was denied the same by the board of tax assessors under the terms of the statutes. She contends that the statutes are invalid because they undertake to prescribe rules for determining eligibility, whereas, under the constitutional provision the General Assembly was authorized to prescribe rules only for determining value; and that the statutes are therefore unconstitutional and void as attempting to amend and abridge the exemption given by the constitution.

This court will always abstain from passing upon the constitutionality of an act of the General Assembly, if there is any other valid ground upon which to base a decision. *McGill* v. *Osborne,* 131 *Ga.* 541 (2) (62 S. E. 811); *Georgia Power Co.* v. *Decatur,*

173 *Ga.* 219 (3) (159 S. E. 863). Under this principle, none of the attacks upon statutes should be determined in the instant case. This is true because, under the terms of the constitution itself, the applicant failed to show that she was entitled to the exemption claimed. In her appeal as amended she alleged. that on the lot claimed as exempt were "three buildings, one being a dwelling in which she [the applicant] has and now resides, an old store building which has not been used during said years and is not now, but was during said time and now is used to store furniture of herself and members of her family in the armed service of country now at war, and is otherwise used as a dwelling in the rear, and another building used as a garage and apartment . . all assessed at total of $1550, and she was exempted for only $1200 thereof." The constitution exempts the homestead of each resident, "actually occupied as a residence and homestead, to the value of $2000, and only so long as actually occupied by the owner primarily as such." In this case, exemption was claimed as to an entire lot, and three buildings, when only one of the buildings was actually occupied by the applicant as a residence. Regardless of whether, on the facts alleged, the old store building might be included as a part of the homestead, the allegations construed, as they must be, most strongly against the pleader, show that the "building used as a garage and apartment," was not occupied by the applicant as a residence, primarily or otherwise. It is true the applicant alleged that the entire property was assessed at $1550, whereas an exemption to the maximum of $2000 is allowable under the constitution. The applicant's right, however, was limited to property occupied by her as a residence, even though its value was less than $2000. The value of such property was not stated, nor was there any averment of fact by which it could be determined. Thus, her claim as finally presented, disclosed merely that she owned property assessed in gross at $1550, that this property consisted of a lot and three buildings, at least one of which could not be included in the homestead, and did not show the separate value of this building or other parts of the property. The constitution itself requires that property claimed as a homestead be reasonably separated and separately valued, instead of being commingled with other property under a gross valuation.

To what amount would the applicant be entitled, with the value of the "garage and apartment" building deducted? Her pleadings do not show. In the circumstances, her claim did not reasonably comply with the requirements of the constitution. Compare *Clegg-Ray Co.* v. *Indiana Scale & Truck Co.,* 125 *Ga.* 558 (54 S. E. 538); *Fallen* v. *Electric Appliance Co.,* 42 *Ga. App.* 96 (154 S. E. 915).

■ Under the act approved March 31, 1937 (Ga. L. 1937, p. 517, Ga. Code Ann., § 92-6913), which is not attacked, the county board of tax assessors "shall make such investigation as may be necessary to determine the value of any property upon which for any reason all taxes . . have not been paid in full," and to assess against the owner "the full amount of taxes which have accrued and which may not have been paid." It is apparent from the allegations of the appeal in this case that investigation by the board of tax assessors disclosed that the $1200 exemption, as approved by the tax receiver for this entire property, was not allowable, and that no proper claim had been made. It thus became their duty to disallow the exemption and make an assessment accordingly.

There is no merit in the applicant's contention that because of the delay of the tax assessors in disallowing her claim, the taxing authorities are estopped to demand taxes on the amount disallowed as an exemption. Code, § 89-903; *Georgia Railroad & Banking Co.* v. *Wright,* 124 *Ga.* 596 (10), 615 (53 S. E. 251); *Duncan* v. *Proctor,* 195 *Ga.* 499, 501 (24 S. E. 2d, 791).

We have retained jurisdiction of this case because the constitutionality of statutes was drawn in question, without reference to whether an appeal in such a matter could be employed to invoke equitable jurisdiction, as the appeal here sought to do. *Burns* v. *State,* 191 *Ga.* 60 (1, 4) (11 S., E. 2d, 350); *McDowell* v. *McDowell,* 194 *Ga.* 88 (20 S. E. 2d, 602).

The appeal as amended was properly dismissed on general demurrer. *Judgment affirmed. All the Justices concur.*