### 36983. JOHNSON & JOHNSON CONSTRUCTION COMPANY
*v.*
### PIONEER NEON SUPPLY COMPANY *et al.*

TOWNSEND, Judge. 1. "If the suit is brought in a name which is neither that of a natural person, nor a corporation, nor a

partnership, it is a mere nullity, and therefore, with no party plaintiff, there is no case in court and consequently nothing to amend by. [Citing *Western & Atlantic R. Co.* v. *Dalton Marble Works*, 122 *Ga.* 774, 50 S. E. 978 and other cases]. Where, however, the name imports a corporation, or imports a partnership, an amendment declaring the status of the party may be allowed. *Wilson* v. *Sprague Machine Co.*, 55 *Ga.* 672; *Smith* v. *Columbia Jewelry Co.*, 114 *Ga.* 698 (40 S. E. 735); *Hudgins Contracting Co.* v. *Redmond*, 178 *Ga.* 317 (173 S. E. 135); *Charles* v. *Valdosta Foundry & Machine Co.*, 4 *Ga. App.* 733 (62 S. E. 493); *Worth* v. *United Electric Supply Co.*, 42 *Ga. App.* 702 (157 S. E. 246); *Clemons* v. *Olshine*, 54 *Ga. App.* 290 (187 S. E. 711)." *Smith* v. *Commissioners of Roads & Revenue of Glynn County*, 198 *Ga.* 322, 323 (31 S. E. 2d 648). "A petition brought in the trade-name of an individual may be amended by stating the real or true name of the person who purports to carry on the business to which the allegations of the petition relate; and the amendment does not state a new cause of action, or introduce a new party." *Hudgins Contracting Co.* v. *Redmond*, 178 *Ga.* 317 (2) (173 S. E. 135) citing *Worth* v. *United Electric Supply Co.*, supra.

2. Accordingly, where the original petition is brought in the name of Pioneer Neon Supply Company (a name which imports a legal entity, as opposed to a designation such as "Dalton Marble Works", which imports neither a person, firm, nor corporation), such petition may be amended by alleging that the plaintiff is Ira Weiss, doing business as Pioneer Neon Supply Company, and is not subject to demurrer on the ground that Pioneer Neon Supply Company being neither a person, corporation, or partnership, the petition is a nullity and there is nothing to amend by. The *Dalton Marble Works* case, supra, is based on the proposition that there was nothing to amend by because the original petition showed on its face that "Dalton Marble Works" was not such a legal entity as might bring an action. See *Bremen Foundry & Machine Works* v. *McLendon*, 19 *Ga. App.* 650 (91 S. E. 1049).

3. On the sole point raised by this bill of exceptions whether a petition brought by a named company may be amended to show that the plaintiff is an individual using such company name as his trade name the case of *Worth* v. *United Electric Supply Co.*, 42 *Ga. App.* 702, supra, is controlling to the effect

that such an amendment is proper and the petition is not subject to general demurrer or a motion to dismiss in the nature thereof either before or after such amendment. The request to overrule this case is denied in view of the fact that it is in harmony with the general law and has, as shown above, frequently been cited with approval, not only by this court but by the Supreme Court.

The trial court did not err in denying the motion to dismiss the plaintiff's petition.

*Judgment affirmed.* *Gardner, P. J., and Carlisle, J., concur.*

DECIDED JANUARY 20, 1958.

*Fullbright & Duffey, Henry J. Fullbright, Jr.,* for plaintiff in error.

*Wright, Rogers, Magruder & Hoyt, Clinton J. Morgan,* contra.