37410. MORTEMOTH COMPANY *v.* SOUTHEASTERN FUR COMPANY.

DECIDED NOVEMBER 13, 1958.

638

*Congdon, Holley & Smith, Donald D. Smith,* for plaintiff in error.

*Boller & Yow, D. Field Yow,* contra.

GARDNER, Presiding Judge. A plaintiff's name ending in the word "company" imports a legal entity and thus will support an amendment showing the status of such plaintiff, although a name not purporting a legal entity, such as "Dalton Marble Works" does not contain enough to amend by. *Western & Atlantic R. Co.* v. *Dalton Marble Works,* 122 *Ga.* 774 (50 S. E. 978). It is well settled that a suit naming the plaintiff as "The Blank Company" may always be amended to read that the plaintiff is "John Doe doing business as the Blank Company." See *Johnson & Johnson Construction Co.* v. *Pioneer Neon Supply Co.,* 96 *Ga. App.* 867 (101 S. E. 2d 918) and citations, and *Mauldin* v. *Stogner,* 75 *Ga. App.* 663 (2) (44 S. E. 2d 274). It is contended, however, that the amendment here, which did not read, "Plaintiff is Louis A. Berkoff doing business as the Mortemoth Company" but instead said that "plaintiff [the Mortemoth Company] is a sole proprietorship fully owned by Louis A. Berkoff" is insufficient to constitute Louis A. Berkoff as the true plaintiff in the case. Under the authority of *Hudgins Contracting Co.* v. *Redmond,* 178 *Ga.* 317 (2) (173 S. E. 135) and *Williamson* v. *Gentry,* 44 *Ga. App.* 596 (1) (162 S. E. 395), this contention is without merit. The latter case states: "A person doing business under a trade name may bring suit in that name as his trade name." In the former case, an action by "W. J. Redmond Company" was allowed to be amended, in response to a demurrer on the ground that it could not be ascertained whether the plaintiff was an individual, corporation or partnership, by the allegation that "W. J. Redmond Co. is a trade name under which W. J. Redmond does business," and the decision states: "A petition brought in the trade name of an

individual may be amended by stating the real or true name of the person who purports to carry on the business to which the allegations of the petition relate; and the amendment does not state a new cause of action or introduce a new party." It must therefore be concluded that while one who brings an action in the name of "The Blank Company" may always amend to state that the petition is that of "John Doe doing business as the Blank Company," he may also amend by leaving "The Blank Company" as plaintiff and reciting that this is a trade name under which he, Joe Doe, does business. There is no substantial difference between such an amendment, and an amendment setting up that The Blank Company is a sole proprietorship fully owned by John Doe. All three allegations mean the same thing, that is, that the business is being operated by the individual under the stated trade name. In *Charles* v. *Valdosta Foundry &c. Co.*, 4 *Ga. App.* 733 (62 S. E. 493) an amendment to a petition brought by Valdosta Foundry & Machine Company, adding the descriptive words, "the same being a trade name under which E. L. Thomas does business" was permitted, and the court stated: "An individual who is doing business in a trade name can, in such trade name, sue and be sued, especially where the suit relates to the business conducted in that name." It is obvious that if Louis A. Berkoff is the entire owner and sole proprietor of the Mortemoth Company he is doing business in the trade name of the Mortemoth Company. Since an amendment showing such facts is permissible, the trial court erred in sustaining the motion to dismiss the action.

*Judgment reversed. Townsend and Carlisle, JJ., concur.*