37772. DIXIE QUEEN PRODUCE COMPANY *v.* BROWN.

QUILLIAN, Judge. 1. A suit brought in the name Dixie Queen Produce Co. is not subject to general demurrer on the ground that the name does not import a legal entity, because the petition alleges that Dixie Queen Produce Co. is not a corporation. A complete review of the cases on the subject is found in *Johnson & Johnson Constr. Co.* v. *Pioneer Neon Supply Co.,* 96 *Ga. App.* 867 (101 S. E. 2d 918) and *Mortemoth Co.* v. *Southeastern Fur Co.,* 98 *Ga. App.* 637 (106 S. E. 2d 194). It may be added that under Code Ch. 106-3 the appellation "company," may be used by an individual, and is as appropriate to unincorporated associations as to corporations. That an individual may use the word "company" as a part of his trade name is recognized by our Supreme Court in *Stewart* v. *Darby Banking Co.,* 183 *Ga.* 888 (190 S. E. 28). None of the cases compiled in the defendant in error's very splendid brief require contrary holdings to that here pronounced.

2. The statement contained in *Martin* v. *Bartow Iron Works,* 35 *Ga.* 320, 323, "A general demurrer enables the party to assail every substantial imperfection in the pleadings of the opposite side without particularizing any of them in his demurrer; but if he thinks proper to point out the faults, this does not vitiate it," was not intended as a holding that a petition could be attacked by general demurrer, because of

every imperfection, but the pronouncement when considered with the remainder of the opinion was that a petition could be demurred to generally without specifying the imperfections contained therein, and that rendered the petition insufficient to set forth a cause of action. To illustrate the point, if a petition shows on its face that the party plaintiff or defendant is not a legal entity, or that the court has not jurisdiction of the person of the defendant or the subject matter of the action, the general demurrer may, without specifying wherein the infirmity of the petition lies assert in general terms that it sets forth no cause of action. *Carruthers* v. *City of Hawkinsville,* 46 *Ga. App.* 607 (4) (168 S. E. 120); *Brown* v. *Mathis,* 201 *Ga.* 740, 743 (41 S. E. 2d 137); *Bartram* v. *City of Atlanta,* 71 *Ga. App.* 313 (1) (30 S. E. 2d 780). There are exceptions to the general rule here stated, as for instance where the petition discloses the action is barred by the statute of limitations. *Chatham Finance Co.* v. *Eitel,* 66 *Ga. App.* 643 (3) (19 S. E. 2d 54); *Hollingsworth* v. *Redwine,* 73 *Ga. App.* 397 (36 S. E. 2d 869); *Consolidated Distributors* v. *City of Atlanta,* 193 *Ga.* 853 (20 S. E. 2d 421).

*Judgment reversed. Felton, C. J., and Nichols, J., concur.*

DECIDED SEPTEMBER 9, 1959.

*Elijah A. Brown,* for plaintiff in error.
*R. B. Pullen,* contra.