40588, 40589.   PARKER et al. v. KILGO (two cases).

DECIDED APRIL 7, 1964—REHEARING DENIED MAY 12, 1964.

*Smith, Swift, Currie, McGhee & Hancock, William W. Horton,* for plaintiffs in error.

*Howe & Murphy, Lokey & Bowden, Hamilton Lokey,* contra.

RUSSELL, Judge. ■ No new party or new cause of action may be added by amendment in actions at law. *Code* § 81-1303. In actions where the procedure is permissible, such as certain cases in equity, the rule is that although a defendant has been served and made a party in one capacity, an amendment seeking to enforce liability against him in another capacity is a new cause of action, with the result that if, between the time of filing the action and the time of the amendment, the bar of the statute of limitation has accrued, the liability sought to be added by the amendment becomes unenforceable. *Smith v. Ardis,* 49 Ga. 602; *Akin v. Ordinary of Bartow County,* 54 Ga. 59. In all other cases, if the filing of the petition is followed by timely service perfected as required by law, although the statute of limitation runs between the date of the filing of the petition and the date of service, the service will relate back to the time of filing so as to avoid the limitation. *Poullain v. Poullain,* 76 Ga. 420 (a) (4 SE 92); *McFarland v. McFarland,* 151

Ga. 9 (2) (105 SE 596); *Burrow v. Dickerson,* 108 Ga. App. 178 (132 SE2d 550).

█ It is no longer issuable that under Georgia procedure the name of either a plaintiff or defendant may be corrected by amendment prior to judgment so long, at least, as the name by which the originally designated party is described imports a . person, firm, or corporation, even though it is in fact not so. By laying this premise we immediately do away with any discussion or possible conflict between *Western &c. R. Co. v. Dalton Marble Works,* 122 Ga. 774 (50 SE 978) and other cases, where the name of one or the other of the parties does not import a legal entity in the first instance. We do away with any distinction between cases where the amendment affects the name of the plaintiff and cases where the name of the defendant is affected by the rule set out in *Eslinger v. Herndon,* 158 Ga. 823, 826 (124 SE 900). It was there held: "Is the plaintiff so suing, or the defendant so sued, estopped from denying the validity of the judgment and its binding force against him? We think that a judgment rendered against a plaintiff when he sues in his assumed or trade-name, is binding upon him. This is distinctly ruled in *Clark v. Wyche,* 126 Ga. 24 (54 SE 909). If one may sue and recover a valid judgment under an assumed name, if he be the identical person in whose favor the judgment is rendered, we see no reason why a valid judgment cannot be obtained against a defendant who is sued in his assumed or trade-name, if he be the real person who is sued as the defendant." The dissenting opinion shows consideration of the question of whether the estoppel should be applied equally as against both a plaintiff who files an action and a defendant who merely uses the trade name as a designation of his business activity. That case held that a garnishment run against "Herndon Motor Company," the owner Herndon in fact being served with the summons, could be enforced against him personally. Where the company named as a defendant is described as a corporation, these words may be stricken and the company described as a partnership, *Perkins Co. v. Shewmake & Murphey,* 119 Ga. 617 (46 SE 832), or as an individual doing business under such trade name, *Schnore v. Joyner,* 42 Ga. App. 688 (157 SE 353). "The term corporation

was merely descriptive of the named defendant Coca-Cola Bottling Co., and not a part of the name itself." *Bell v. Ayers,* 82 Ga. App. 92, 95 (60 SE2d 523). See also *Mauldin v. Stogner,* 75 Ga. App. 663 (44 SE2d 274) ; *Martin v. Waltman,* 82 Ga. App. 375 (61 SE2d 214) ; *Johnson & Johnson Const. Co. v. Pioneer Neon Supply Co.,* 96 Ga. App. 867 (101 SE2d 918) ; *American Fidelity &c. Co. v. Farmer,* 77 Ga. App. 166 (48 SE2d 122) ; *Mortemoth Co. v. Southeastern Fur Co.,* 98 Ga. App. 637 (106 SE2d 194) ; *Charles v. Valdosta Foundry &c. Co.,* 4 Ga. App. 733 (2) (62 SE 493) ; *Smith & Co. v. Columbia Jewelry Co.,* 114 Ga. 698 (1) (40 SE 735) ; *Hudgins Contracting Co. v. Redmond,* 178 Ga. 317 (2) (173 SE 135) ; *Carrollton Coca-Cola Bottling Co. v. Pace,* 56 Ga. App. 267 (192 SE 473). *McGowans v. Speed Oil Co.,* 94 Ga. App. 35 (93 SE2d 597) points up the distinction: if the original misnomer or trade name is *in fact* the name of an existent, whether or not connected with the litigation, the substitution of another entity in place of the original one constitutes the addition of another party, a new defendant, and comes within the inhibition of *Code* § 81-1303. As to *Gibbs v. Rhodes Furniture Co.,* 58 Ga. App. 352 (198 SE 315), we agree with the plaintiff in error that no really sound distinction can be made between it and the case at bar. It is true that it was a garnishment, which is a type of action where the summons is especially important not only because it is the only place where the garnishee is named and the only process by which his attendance and compliance are compelled, but also it calls on him to do something from the actual date of service rather than the date of filing—that is, not pay out funds owing the defendant which may be the subject matter of the garnishment. The distinction urged in *Smith v. Hartrampf,* 106 Ga. App. 603 (127 SE2d 814), that the company is specifically stated to be a corporation, is not good in view of the limitation in *Bell v. Ayers,* 82 Ga. App. 92, supra: "if no such corporation exists." If one does exist, of course, there would be a change of parties as stated in *McGowans,* supra. The additional statement in *Smith* that if *Gibbs* is not distinguishable we are bound by the older Supreme Court decision of *Mayer & Lowenstein v. Chattahoochee Nat. Bank,* 46 Ga. 606, is true, and it is in our opinion also in conflict

with *Eslinger v. Herndon,* 158 Ga. 823, supra, and will accordingly not be followed. The amendment changing the designation of the defendant from "Comstock Distributing Co., a corporation" to "Comstock Distributing Co., a business proprietorship owned and operated under said name by R. D. Comstock, Jr." was properly allowed.

■ The original attempt at service of process in each case was of course void because no service was made on Comstock. The question does not arise here, as it did in some of the cited cases, as to the effect of serving a proper defendant in an improper capacity. The second return of service was defective in that it still recited service upon a corporation. The amended return of service was, however, properly allowed and cured this defect. *Smith v. Hartrampf,* 106 Ga. App. 603, supra. There was no need for a new process or prayer for process. The prayer was that the defendants be served with process, and the process recited that "the defendants herein are hereby required, personally or by attorney, to be and appear at the Superior Court, to be held in and for said county within 30 days from the date of service of the within petition upon each defendant."

■ The only contention urged by the co-defendant Parker is that, as a resident of DeKalb County, he is not subject to suit in Fulton County in the absence of a co-defendant within the jurisdiction of that court. Since we hold that Comstock is a proper party defendant, it follows that Parker's plea to the jurisdiction was properly overruled.

The trial court did not err in any of its rulings.

*Judgments affirmed. Nichols, P. J., and Hall, J., concur.*